UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA–NORFOLK DIVISION

TIMOTHY B. BOSTIC,

and

TONY C. LONDON,

    Plaintiffs,

v.

ROBERT F. MCDONNELL, in his official
capacity as Governor of Virginia, and

KENNETH T. CUCCINELLI, in his official
capacity as Attorney General of Virginia, and

GEORGE E. SCHAEFER, III, in his official
capacity as the Clerk of Court
for Norfolk Circuit Court,

    Defendants.

CASE NO. 2:13cv395



## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

Plaintiffs Timothy B. Bostic ("Bostic"") and Tony C. London ("London"), by counsel, complain of Defendants and allege the following.

### INTRODUCTION

1. More than 30 years ago, the Supreme Court of the United States recognized that "[m]arriage is one of the 'civil rights of man,' fundamental to our very existence and survival." *Loving v. Virginia*, 388 U.S. 1, 12 (1967). But today, as a result of both state statute and the state constitution, the Commonwealth of Virginia denies its gay and lesbian residents access to marriage. Article I, §15-A of Virginia's Constitution provides that "only a union between one

1

man and one woman may be a marriage valid in or recognized by this Commonwealth and its political subdivisions." Va. Const., Art. I, § 15-A. Similarly, Va. Code § 20-45.2 states that a "marriage between persons of the same sex is prohibited" in the Commonwealth of Virginia. This code section also states that "[a]ny marriage entered into by persons of the same sex in another state or jurisdiction shall be void in all respects in Virginia and any contractual rights created by such marriage shall be void and unenforceable." Virginia law also prohibits civil unions among same-sex individuals. Va. Code § 20-45.3. This unequal treatment of gays and lesbians denies them the basic liberties and equal protection under the law that are guaranteed by the Fourteenth Amendment to the United States Constitution.

2. For these reasons, Plaintiffs ask this Court to enjoin, preliminarily and permanently, all enforcement of statutes that seek to exclude gays and lesbians from access to civil marriage and civil union.

## JURISDICTION AND VENUE

3. This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and, thus, this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in the State of Virginia and in the Eastern District of Virginia. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

## **NATURE OF DISPUTE**

5.  This action, brought pursuant to 42 U.S.C. § 1983, seeks (1) a declaration that Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution-- provisions that expressly deny gay and lesbian individuals the opportunity to marry civilly and enter into the same officially sanctioned family relationship with their loved ones as heterosexual individuals-- are unconstitutional under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution; and (2) a preliminary and permanent injunction preventing Defendants from enforcing these provision against Plaintiffs.

6.  Plaintiffs Bostic and London are gay individuals in a long-standing committed relationship. Plaintiffs have been in this relationship since 1989. Plaintiff London served in the United States Navy and has been a real estate sales agent/realtor for 16 years. Plaintiff Bostic is a professor of humanities at Old Dominion University in Norfolk, Virginia. Bostic and London desire to express their love for and commitment to one another by getting married and obtaining official sanction for their union from the Commonwealth. Bostic and London sought to obtain a marriage license from the Clerk of the Circuit Court for the city of Norfolk on or about July 1, 2013, but were turned down because of the Virginia statute and the Virginia Constitution.

7.  To enforce the rights afforded by the United States Constitution, Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief barring enforcement of Va. Code §§ 25-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution. Plaintiffs also seek to recover all their attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order and deem appropriate.

## THE PARTIES

8.     Plaintiff Bostic is a Virginia citizen and resides in Norfolk, Virginia.

9.     Plaintiff London is a Virginia citizen and resides in Norfolk, Virginia.

10.    Defendant Robert F. McDonnell is the Governor of the Commonwealth of Virginia. In his official capacity, the Governor is the chief executive officer of the Commonwealth of Virginia. It is his responsibility to ensure that the laws of the Commonwealth are properly enforced. The Governor resides in Richmond, Virginia, in the Eastern District of Virginia, and maintains an office in Norfolk, Virginia.

11.    Defendant Kenneth T. Cuccinelli is the Attorney General of the Commonwealth of Virginia. In his official capacity, the Attorney General is the chief legal officer of the Commonwealth of Virginia. It is his duty to see that the laws of the Commonwealth are uniformly and adequately enforced. The Attorney General lives in Richmond, Virginia, in the Eastern District of Virginia, and maintains an office in Norfolk, Virginia.

12.    Defendant George E. Schaefer, III, is the Clerk of the Circuit Court for the City of Norfolk. Pursuant to Va. Code §20-14, "[e]very license for marriage shall be issued by the clerk or deputy clerk of a circuit court of any county or city." Therefore, Defendant Schaefer, in his official capacity as clerk, has the duty to issue marriage licenses in Norfolk, Virginia to residents of his city seeking to marry.

## FACTS

13.    Gay and lesbian individuals have faced a long and painful history of societal and government-sponsored discrimination in this country. Although their sexual orientation bears no relation to their ability to contribute to society, gays and lesbians have been singled out for

discriminatory treatment. They have faced unconstitutional criminal penalties for private sexual conduct between consenting adults, harassment, hate crimes, and discrimination in employment and many other areas. They have even been the subject of laws stripping them of rights afforded to all other citizens.

14. Since at least 1975, pursuant to Va. Code § 20-45.2, same-sex couples have been denied marriage licenses on account of their sexual preference and on account of their gender. In November 2006, Virginia voters ratified a constitutional amendment to their Bill of Rights expressly depriving gay and lesbian voters of the right to marry.

15. Virginia's statutory and constitutional regime have created a legal system in which civil marriage is restricted solely and exclusively to opposite-sex couples, and in which gay and lesbian individuals are denied the right to enter into a civil marriage with the person of their choice. Virginia law, unlike the law in many other states, even prohibits gay and lesbian couples from entering into civil unions. Virginia law also fails to honor the laws of thirteen other states and the District of Columbia, which allow for same-sex marriage, by providing that such marriages are "void in all respects" and by stipulating that any contractual rights from such valid marriages "are void and unenforceable" in the Commonwealth of Virginia  The inability to marry denies gay and lesbian individuals and their children the personal and public affirmation that accompanies marriage. The inability to marry also deprives same-sex couples of numerous benefits associated with marriage including, without limitation, 1) marital, disability and survivor's benefits under the federal social security system; 2) naval disability benefits; 3) favorable tax treatment under Virginia and federal law for income and estate taxes; 4) federal Medicaid benefits; 5) immigration benefits; and 6) federal Veterans Administration benefits.

Upon information and belief, all of these benefits are not available to Plaintiffs and other same-sex couples in Virginia, but would be available to same-sex couples who marry under state laws authorizing such benefits. The avowed purpose of this statutory and constitutional regime is "to impose a disadvantage, a separate status, and so a stigma upon", those who seek to enter into same-sex marriage in Virginia. *See United States v. Windsor*, 570 U.S. \_\_\_ (2013)(slip opinion at 21).

16. Plaintiffs are gay residents of Virginia who are involved in a long-term, serious relationship with each other dating to 1989 who desire to marry each other under the laws of the Commonwealth. They are now prohibited from doing so as a direct result of Defendants' enforcement of Va. Code § 20-45.2 and Article I, §15-A of the Constitution of Virginia.

17. On or about July 1, 2013, Plaintiffs Bostic and London applied for a marriage license from the Clerk for the Circuit Court for the city of Norfolk, but were denied a marriage license because they are a same-sex couple.

18. As a result of both state statute and state constitutional law, Plaintiffs are barred from marrying the individual they wish to marry, cannot enter into the separate-but-unequal bond of a civil union, and cannot marry in another state and have Virginia recognize the benefits of such unions.

19. Plaintiffs' inability to have their relationship recognized by the Commonwealth of Virginia with the dignity and respect accorded to married opposite-sex couples has caused them significant hardship, including, but not limited to, the deprivation of rights guaranteed by the Fourteenth Amendment to the United States Constitution and severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma. The prohibition on marriage also

makes it very difficult to conduct basic estate planning. Marriage is a supremely important social institution, and the "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men." *Loving v. Virginia,* 388 U.S. at 12. The United States Supreme Court has called marriage "the most important relation in life." *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978). Each day that Plaintiffs are denied the freedom to marry, they suffer irreparable harm as a direct result of Defendants' violation of their constitutional rights.

20. If the Court does not enjoin Va. Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution, Defendants will continue to enforce this unconstitutional law against Plaintiffs, thereby depriving them of their constitutional rights under the Fourteenth Amendment to the United States Constitution. The declaratory and injunctive relief sought by Plaintiffs, on the other hand, will require Virginia to revise official state law and procedures governing marriage and will require the Commonwealth to issue Bostic and London a marriage license. The relief sought also will require Defendants McDonnell, Cuccinelli and Schaefer to recognize Plaintiffs' marriage as valid within the Commonwealth of Virginia.

## CLAIMS FOR RELIEF

## COUNT ONE: DUE PROCESS

21. Plaintiffs incorporate here by reference paragraphs 1 through 20, *supra,* as if fully set forth herein.

22. Va. Code § § 20-45.2 and 20-45.3 and Va. Const. Art I, § 15-A violate fundamental liberties that are protected by the Due Process Clause, both on their face and as applied to Plaintiffs.

23.  These laws impinge on fundamental liberties by denying gay and lesbian individuals the opportunity to marry civilly and enter into the same officially sanctioned family relationship with their loved ones as opposite-sex individuals. For example, by denying those individuals the same "marriage"designation afforded to opposite-sex couples, and even disallowing them access to the separate, but unequal, status of " civil unions", the Commonwealth of Virginia is stigmatizing gays and lesbians, as well as their children and families, and denying them the same dignity, respect, and stature afforded officially recognized opposite-sex family relationships. Virginia statutory and constitutional law, thus, deprive Plaintiffs of their liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT TWO: EQUAL PROTECTION

24.  Plaintiffs incorporate here by reference paragraphs 1 through 23, *supra,* as if fully set forth herein.

25.  Va. Code § § 20-45.2 and 20-45.3 and Va. Const. Art I, § 15-A violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, both on their face and as applied to Plaintiffs.

26.  These laws restrict civil marriage to individuals of the opposite sex; gay and lesbian individuals are therefore unable to marry the person of their choice. Thus, Virginia law treats similarly-situated people differently by providing civil marriage to heterosexual couples, but not to gay and lesbian couples. The United States Constitution's guarantee of equality under the Fourteenth Amendment "must at the very least mean that a bare (legislative) desire to harm a politically unpopular group cannot justify disparate treatment of that group." *Windsor*, Slip Op. at

21. These provisions in the Virginia Code and in the Bill of Rights of the Constitution of Virginia "write[ ] inequality into the entire" Code of Virginia. *Id.* at 22. These provisions "demean" those who seek to enter into same-sex marriage and "instruct[ ]" all state officials, and "indeed all persons with whom same-sex couples interact, including their own children, that their" desire to marry is "less worthy than the marriages of others." *Id.* at 25. Virginia law even disallows the separate-but-unequal status of civil unions and refuses to grant any legal effect to marriages lawfully entered into in other states. Gays and lesbians are, therefore, unequal in the eyes of state law, and their families are denied the same respect as officially sanctioned families of opposite-sex individuals. By purposefully denying civil marriage to gay and lesbian individuals, Virginia's ban on same-sex marriage discriminates on the basis of sexual orientation.

27. The disadvantage these laws impose upon gays and lesbians is the result of disapproval or animus against a politically unpopular group. Accordingly, these laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by casting gays and lesbians into disfavored legal status and categorizing them as "second-class citizens."

28. Same-sex couples and opposite sex couples are similarly situated for purposes of Equal Protection analysis.

29. Whether under a heightened scrutiny analysis, or under a more lenient rational relation analysis, these provisions of Virginia law and the Virginia Constitution do not bear any relation to a legitimate governmental purpose and, thus, violate the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

30. These laws also violate the Equal Protection Clause because they discriminate on

the basis of sex. These laws distinguish between couples consisting of a man and a woman and couples consisting of individuals of the same sex. Thus, the limitation on civil marriage depends upon an individual person's sex; a man who wishes to marry a man may not do so because he is a man, and a woman may not marry a woman because she is a woman.

## COUNT THREE: VIOLATION OF 42 U.S.C. § 1983

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30, *supra*, as if fully set forth herein.

32. Insofar as they are enforcing the terms of Va. Code §§ 20-45.2 and 20-45.3, and Article I, § 15-A of the state constitution, Defendants, acting under the color of state law, are depriving, and will continue to deprive, Plaintiffs of numerous rights secured by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## IRREPARABLE INJURY

33. Plaintiffs incorporate here by reference paragraphs 1 through 32, *supra*, as if fully set forth herein.

34. Plaintiffs are now severely and irreparably injured by the challenged state laws that violate the Due Process and Equal Protection clauses of the Fourteenth Amendment. By way of example only, Plaintiffs' injury as a result of these discriminatory laws includes the deprivation of rights guaranteed by the Fourteenth Amendment and the severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma caused by the inability to marry the ones they love and have society accord their unions and their families the same respect and dignity enjoyed by opposite-sex unions and families. Because Plaintiffs cannot marry under

Virginia law, they cannot, for example, receive social security benefits, naval disability benefits, Medicaid benefits, Veterans Administration benefits, immigration law benefits and favorable treatment on income and estate taxes prescribed by state or federal law. They also cannot claim benefits under various state and federal laws that apply only to married couples because they cannot marry under Virginia law. Plaintiffs' injuries will be redressed only if this Court declares these provisions unconstitutional and enjoins Defendants from enforcing them.

35. An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether the laws violate the Due Process and Equal Protection clauses of the Fourteenth Amendment. Defendants are presently enforcing these state laws to the detriment of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Plaintiffs respectfully request that this Court, pursuant to 28 U.S.C. § 2201, construe Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Constitution of Virginia and enter a declaratory judgment stating that these provisions and any other Virginia law that bars same-sex marriage violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. Plaintiffs respectfully request that this Court enter a preliminary and a permanent injunction enjoining enforcement or application of Virginia Code §§ 20-45.2 and 20-45.3 and Article I, §15-A of the Constitution of Virginia and any other Virginia law that bars same-sex marriage.

3. Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and all further relief to which they may be justly entitled.

Dated: *July 18, 2013*

TIMOTHY B. BOSTIC & TONY C. LONDON

By: *Charles B. Lustig*
Thomas B. Shuttleworth
VSB # 13330
Robert E. Ruloff
VSB # 13471
Charles B. Lustig
VSB # 29442
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452
(757) 671-6000 (phone)
(757) 671-6004 (fax)

Counsel for Plaintiffs