# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA—NORFOLK DIVISION

TIMOTHY B. BOSTIC,

TONY C. LONDON,

CAROL SCHALL, and

MARY TOWNLEY,

        Plaintiffs,

v.                                        CASE NO. 2:13-cv-395

JANET M. RAINEY, in her official
capacity as State Registrar of Vital Records, and

GEORGE E. SCHAEFER, III, in his official
capacity as the Clerk of Court
for Norfolk Circuit Court,

Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

      Plaintiffs Timothy B. Bostic ("Bostic"), Tony C. London ("London"), Carol Schall ("Schall"), and Mary Townley ("Townley"), by counsel, complain of Defendants and allege the following:

## INTRODUCTION

1. The "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men." *Loving v. Virginia*, 388 U.S. 1, 12 (1967). In more than a dozen cases over the last century, the Supreme Court has reaffirmed that marriage is "the most important relation in life," *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978), and that the right to marry is "one of the liberties protected by the Due Process Clause." *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 639 (1974). As a result, "[c]hoices about marriage" are "sheltered by the Fourteenth Amendment against the State's unwarranted usurpation, disregard, or disrespect." *M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996) (internal quotation marks omitted).

2. Despite the "fundamental importance" of marriage "for all individuals," *Zablocki*, 434 U.S. at 384, the Commonwealth of Virginia has imposed sweeping restrictions that prevent gay and lesbian individuals not only from marrying, but from participating in *any* of the "rights, benefits, obligations, qualities, or effects of marriage." Va. Const. Art. I, § 15-A; *see also* Va. Code §§ 20-45.2, 20-45.3. Virginia's Constitution provides that "only a union between one man and one woman may be a marriage valid in or recognized by this Commonwealth and its political subdivisions." Va. Const., Art. I, § 15-A. And Virginia's statutory code provides that a "marriage between persons of the same sex is prohibited" in the Commonwealth of Virginia. Va. Code § 20-45.2. Virginia law even prohibits same-sex couples from entering into second-class institutions like civil unions or domestic partnerships. Va. Code § 20-45.3.

3. Same-sex couples who legally marry in other jurisdictions are similarly denied the benefits of marriage in Virginia. Unlike opposite-sex couples married out-of-state who continue to enjoy the benefits and privileges of their marriage while living in the Commonwealth, Virginia law provides that "[a]ny marriage entered into by persons of the same sex in another state or jurisdiction shall be void in all respects in Virginia and any contractual rights created by such marriage shall be void and unenforceable." Va. Code § 20-45.2. This unequal treatment of gay and lesbian individuals denies them the due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

4. For these reasons, Plaintiffs ask this Court to enjoin, preliminarily and permanently, enforcement of all statutes and constitutional provisions that exclude gay and lesbian individuals from access to civil marriage and that treat lawful same-sex marriages from other states as null and void in Virginia. Plaintiffs also ask that this Court declare Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution to be unconstitutional.

## JURISDICTION AND VENUE

5. This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and, thus, this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in the Eastern District of Virginia. Venue is also proper in this Court because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## **NATURE OF DISPUTE**

7. This action, brought pursuant to 42 U.S.C. § 1983, seeks (1) a declaration that Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution—provisions that expressly deny gay and lesbian individuals the opportunity to marry civilly and enter into the same officially-sanctioned family relationship with their loved ones as heterosexual individuals, or even enter into same-sex civil unions—are unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; and (2) a preliminary and permanent injunction preventing Defendants from enforcing these provisions against Plaintiffs.

8. Plaintiffs Bostic and London are gay individuals who have been in a long-standing committed relationship for nearly 25 years. They desire to express their love for and commitment to one another by getting married and obtaining official sanction for their union from the Commonwealth. Virginia's laws against same-sex marriage deny them that right in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

9. Plaintiffs Schall and Townley are lesbian individuals in a committed relationship that has lasted nearly 30 years. They were lawfully married in California on or about October 23, 2008, and now seek to have their marriage recognized by the Commonwealth. They wish to enjoy the same social privileges and contractual rights that are conferred by the Commonwealth on individuals in opposite-sex marriages. Virginia's laws precluding recognition of lawful same-sex marriages deny them those

rights in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

11. To enforce the rights afforded by the United States Constitution, Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief barring enforcement of Va. Code §§ 25-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution. Plaintiffs also seek to recover all their attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order and deem appropriate.

## THE PARTIES

11. Plaintiff Bostic is a Virginia resident who lives in Norfolk, Virginia.

12. Plaintiff London is a Virginia resident who lives in Norfolk, Virginia.

13. Plaintiff Schall is a Virginia resident who lives in Chesterfield County, Virginia.

14. Plaintiff Townley is a Virginia resident who lives in Chesterfield County, Virginia.

15. Defendant George E. Schaefer, III, is the Clerk of the Circuit Court for the City of Norfolk. Pursuant to Va. Code § 20-14, "[e]very license for marriage shall be issued by the clerk or deputy clerk of a circuit court of any county or city." Therefore, Defendant Schaefer, in his official capacity as clerk, has the duty to issue marriage licenses in Norfolk, Virginia, to residents of his city seeking to marry. Defendant Schaefer is also responsible for ensuring compliance with Virginia's marriage laws, including by determining whether individuals meet the requirements for marriage in Virginia as reflected in the couple's application for a marriage license. Defendant

Schaefer is a person under 42 U.S.C. § 1983 and was acting under the color of state law at all times germane to this Amended Complaint. On account of his responsibilities for determining marriage eligibility and issuing marriage licenses, Defendant Schaefer has a "special relationship" to the laws and constitutional provisions that prevent gay and lesbian individuals from marrying in Virginia. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010).

16. Defendant Janet M. Rainey ("Rainey") is sued in her official capacity as the State Registrar of Vital Records. Defendant Rainey is responsible for ensuring compliance with the Commonwealth's laws relating to marriage in general and, more specifically, is responsible for enforcement of the specific provisions at issue in this Amended Complaint, namely those laws that limit marriage to opposite-sex couples and that refuse to honor the benefits of same-sex marriages lawfully entered into in other states. Defendant Rainey's duties include, without limitation, directing and supervising the system of vital records in the Commonwealth of Virginia. Defendant Rainey also serves as the custodian of official records and directs, supervises and controls the actions of all persons relating to the operation of the state-wide system of maintaining vital records. Defendant Rainey's responsibilities also include providing forms for marriage licenses, marriage certificates and applications for marriage licenses used in Virginia. Va. Code § 32.1-267. Defendant Rainey also keeps and maintains an index, publicly available online, of all marriages consummated in the Commonwealth. Defendant Rainey's office also compiles, publishes and makes available to the public aggregate data on the number of marriages which take place in Virginia. This data includes the age and race of married couples, the number of minor children, if any, and other information.

Defendant Rainey is also responsible in her official capacity for publishing and furnishing to local clerks' offices the marriage forms that require applicants to list a "Bride" and a "Groom." Pursuant to Va. Code § 32.1-261, the State Registrar is also responsible for issuing new birth certificates upon proof that a child has been adopted or "legitimated" through the marriage of the child's parents. Defendant Rainey is a person under 42 U.S.C. § 1983 and was acting under the color of state law at all times germane to this Amended Complaint. On account of her responsibilities, Defendant Rainey has a "special relationship" to the laws and constitutional provisions that prevent gay and lesbian individuals from marrying in Virginia. *McBurney*, 616 F.3d at 399.

17. Defendants Schaefer and Rainey, and those subject to their supervision, direction, and control, are responsible for the enforcement of Va. Code §§ 25-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution. The relief requested in this action is sought against each Defendant, as well as against each Defendant's officers, employees, and agents, and against all persons acting in cooperation with Defendant(s), under their supervision, at their direction, or under their control.

## FACTS

18. Gay and lesbian individuals have faced a long and painful history of societal and government-sponsored discrimination in this country. Although their sexual orientation bears no relation to their ability to contribute to society, gay men and lesbians have been singled out for discriminatory treatment. They have faced unconstitutional criminal penalties for private sexual conduct between consenting adults, harassment, hate crimes, and discrimination in employment and many other areas. They have even been the subject of laws stripping them of rights afforded to all other citizens.

19. Since at least 1975, pursuant to Va. Code § 20-45.2, same-sex couples in the Commonwealth of Virginia have been denied marriage licenses on account of their sexual orientation and on account of their gender. In November 2006, a majority of Virginia voters ratified the "Marshall-Newman Amendment" to the State Constitution. This Amendment, which defines marriage as a union between "one man and one woman," expressly deprives gay and lesbian individuals of the right to marry. By prohibiting same-sex couples from marrying, Virginia "places same-sex couples in an unstable position," "demeans" same-sex couples, "humiliates tens of thousands of children now being raised by same-sex couples," and "instructs all [State] officials, and indeed all persons with whom same-sex couples interact, including their own children, that their [relationship] is less worthy than the [relationships] of others." *United States v. Windsor*, 133 S. Ct. 2675, 2694–96 (2013).

20. Virginia's statutory and constitutional provisions have created a legal system in which civil marriage is restricted solely and exclusively to opposite-sex couples, and in which gay and lesbian individuals are denied the right to enter into a civil marriage.

21. Virginia's statutory and constitutional provisions also deprive same-sex couples of federal marital privileges and benefits that, upon information and belief, are available to same-sex couples who marry under state laws authorizing such benefits but that are not available to Plaintiffs and other same-sex couples in Virginia. These currently include, without limitation, (i) marital, disability and survivor's benefits under the federal social security system; (ii) naval disability benefits; (iii) federal Medicaid benefits; (iv) immigration benefits; and (v) federal Veterans Administration benefits.

22.     In addition to these significant legal implications, Virginia's statutory and constitutional provisions deny gay and lesbian residents of Virginia and their children the personal and public affirmation that accompanies marriage.  Virginia's prohibition of marriage of same-sex couples instructs "all persons with whom same-sex couples interact, including their own children" that their relationship is less worthy than those of couples in State-sanctioned marriages.  *Windsor*, 133 S. Ct. at 2696.  Without the legal ability to marry and build a family, same-sex couples are excluded from the fabric of Virginia's social structure.

23.     Virginia law also fails to honor the laws of thirteen other states and the District of Columbia that allow same-sex marriage, by providing that lawful marriages from those jurisdictions are "void in all respects" and by stipulating that any contractual rights from such valid marriages "are void and unenforceable" in the Commonwealth of Virginia.  By refusing to acknowledge lawful same-sex marriages from other states, the Commonwealth "ensure[s] that . . . those unions will be treated as second-class marriages for purposes of [Virginia] law."  *Windsor*, 133 S. Ct. at 2693–94.  Virginia's laws thereby "undermine[] both the public and private significance of state-sanctioned same-sex marriages; for it tells those couples, and all the world, that their otherwise valid marriages are unworthy of [the Commonwealth's] recognition."  *Id.* at 2694.  They "impose a disadvantage, a separate status, and so a stigma upon" same-sex couples whose legal marriages are disregarded by the State and "humiliate[ ] tens of thousands of children now being raised by same-sex couples."  *Id.* at 2693–94.

24.     The unmistakable purpose and effect of Virginia's far-reaching restrictions is to enshrine in Virginia's Constitution and statutory code that gay men and lesbians are

"unequal to everyone else," *Romer v. Evans*, 517 U.S. 620, 635 (1996), that their committed relationships are ineligible for the designation "marriage," and that they are unworthy of being treated with "dignity and integrity." *Windsor*, 133 S. Ct. at 2694.

25. Plaintiffs Bostic and London are gay residents of Virginia who have been in a long-term, serious relationship with each other since 1989. Plaintiff London served in the United States Navy and has been a real estate agent for 16 years. Plaintiff Bostic is a professor of humanities at Old Dominion University in Norfolk, Virginia.

26. Plaintiffs Bostic and London desire to marry each other under the laws of the Commonwealth in order to publicly announce their commitment to one another and to enjoy the rights, privileges, and protections that the State confers on married couples. On or about July 1, 2013, Plaintiffs Bostic and London applied for a marriage license from the Clerk for the Circuit Court for the City of Norfolk. Their request was denied pursuant to Defendants' enforcement of Va. Code § 20-45.2 and Article I, §15-A of the Constitution of Virginia, because they are a same-sex couple.

27. Because Plaintiffs Bostic and London are unable to marry one another, they are denied the right to engage in "the most important relation in life," *Zablocki*, 434 U.S. at 384. By restricting civil marriage to individuals of the opposite sex, Virginia denies Plaintiffs Bostic and London the ability to obtain the same legal rights and remedies that only heterosexual couples enjoy.

28. Plaintiffs Schall and Townley have lived in the Commonwealth of Virginia since 1982, and have been a couple since 1985. Plaintiff Schall is an assistant professor in the School of Education at Virginia Commonwealth University ("VCU") in Richmond, Virginia, where she specializes in research on teaching autistic children.

Prior to obtaining her job at VCU in 2008, Schall worked at the Richmond branch of the Grafton School which is based in Winchester, Virginia. At the Grafton School, she served as the director for the Virginia Autism Resources Center. Plaintiff Townley also works in special education, having worked with special needs children in the public school system for several years in Winchester, Virginia, and in Frederick County, Virginia. Plaintiff Townley currently serves as the Supervisor of Transitional Programming at the Health Diagnostic Laboratory ("HDL"). In this capacity, Plaintiff Townley helps train individuals with significant disabilities so that they can work at HDL.

29. Plaintiffs Schall and Townley have lived together as a family for nearly 30 years and were lawfully married in California in 2008. Plaintiff Townley gave birth to the couple's daughter, E. T.-S., in 1998. During her pregnancy, Plaintiff Townley was admitted to the emergency room at VCU's Medical Center due to complications. Because Plaintiff Schall is not legally recognized in Virginia as Plaintiff Townley's spouse, however, Plaintiff Schall was denied permission to see her partner for several hours while she was there.

30. Since their daughter's birth, Plaintiff Schall has desired to adopt their daughter, but she is unable to do so because Virginia's laws do not permit a same-sex partner to adopt a child. As a result, Plaintiffs Schall and Townley had to retain an estate planning attorney to petition a court for full joint legal and physical custody of their daughter. The court granted their petition but Plaintiff Schall remains unable to legally adopt E. T.-S.

31. More recently, in April 2012, Plaintiffs Schall and Townley arrived at a local post office to renew their daughter's passport, a process that typically requires the

consent of both parents. When Plaintiffs Schall and Townley presented E. T.-S.'s renewal forms, the civil servant told Plaintiff Schall, "You're nobody, you don't matter," and struck her name from the form.

32. Plaintiffs Schall and Townley now seek to have the Commonwealth of Virginia recognize the legally-valid marriage they obtained in California five years ago. However, Plaintiffs Schall and Townley cannot obtain a marriage license or a birth certificate for their daughter listing them as parents as a direct result of Defendants' enforcement of Va. Code § 20-45.2 and Article I, §15-A of the Constitution of Virginia, because they are a same-sex couple.

33. Because they cannot marry and because Virginia law refuses to recognize the validity of their California marriage, Plaintiffs Schall and Townley are, without limitation, deprived of the following marital benefits, which are available to opposite-sex couples who live in Virginia:

    a) Until February 2013, neither Plaintiff Schall, nor Plaintiff Townley were allowed to cover their respective spouse on employer-provided health insurance. After their daughter was born, Plaintiff Townley had to return to work in part because her own insurance was expiring and she could not obtain coverage on Plaintiff Schall's health-care plan. Since February 2013, Plaintiff Townley has been able to cover Plaintiff Schall on her employer-provided health insurance. However, Plaintiff Schall must pay state income taxes on the benefit she receives. Upon information and belief, opposite-sex couples do not have to pay this tax.

b) Plaintiffs Schall and Townley cannot file state income tax returns as a married couple. This has cost them thousands of dollars in additional taxes during the time that they have been together and unable to marry lawfully in Virginia.

c) Plaintiff Schall and Townley may name each other as beneficiaries on employee benefit plans, but must pay state taxes on the benefits that may be paid out upon one of their deaths. Upon information and belief, surviving spouses from opposite-sex marriages do not have to pay such a tax.

d) Plaintiffs Schall and Townley were ineligible for protection under federal laws governing family medical leave when their daughter was born, and when one of their parents died.

34. Plaintiffs' inability to marry or to have their relationship recognized by the Commonwealth of Virginia with the dignity and respect accorded to married opposite-sex couples has caused them significant hardship, including, but not limited to, the deprivation of rights guaranteed by the Fourteenth Amendment to the United States Constitution and severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma. Each day that Plaintiffs are denied the freedom to marry, or have their California marriage recognized in Virginia, they suffer irreparable harm as a direct result of Defendants' violation of their constitutional rights.

35. If the Court does not enjoin Va. Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution, Defendants will continue to enforce this unconstitutional law against Plaintiffs, thereby depriving them of their constitutional rights under the Fourteenth Amendment to the United States Constitution. The declaratory and injunctive relief sought by Plaintiffs, on the other hand, will require

13

Virginia to revise official state law and procedures governing marriage and will require Defendants to issue Plaintiffs Bostic and London a marriage license. The relief sought will also require Defendants to recognize Plaintiffs Schall and Townley as a lawfully married couple within the Commonwealth of Virginia.

## CLAIMS FOR RELIEF

## COUNT ONE: DUE PROCESS

36. Plaintiffs incorporate here by reference paragraphs 1 through 35, *supra,* as if fully set forth herein.

37. Va. Code §§ 20-45.2 and 20-45.3 and Va. Const. Art. I, § 15-A violate fundamental liberties that are protected by the Due Process Clause of the Fourteenth Amendment, both on their face and as applied to Plaintiffs.

38. These laws impinge on fundamental liberties by denying gay and lesbian individuals the opportunity to marry civilly and enter into the same officially sanctioned family relationship with their loved ones as opposite-sex individuals. By denying those individuals the same "marriage" designation afforded to opposite-sex couples, and by refusing to recognize their lawful marriages from other States, the Commonwealth of Virginia is stigmatizing gay men and lesbians, as well as their children and families, and denying them the same dignity, respect, and stature afforded officially recognized opposite-sex family relationships.

39. Virginia's statutory and constitutional laws thus deprive Plaintiffs of their liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT TWO: EQUAL PROTECTION

40. Plaintiffs incorporate here by reference paragraphs 1 through 39, *supra,* as if fully set forth herein.

41. Va. Code §§ 20-45.2 and 20-45.3 and Va. Const. Art. I, § 15-A violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, both on their face and as applied to Plaintiffs.

42. These laws restrict civil marriage to individuals of the opposite sex; gay and lesbian individuals are unable to marry. Thus, Virginia law treats similarly-situated people differently by providing civil marriage to opposite-sex couples, but not to same-sex couples. Moreover, opposite-sex couples who marry in other States and live in Virginia enjoy all of the legal benefits of marriage, whereas same-sex couples, such as Plaintiffs Schall and Townley, who marry lawfully in other jurisdictions are expressly precluded from enjoying the panoply of rights associated with marriage. Gay men and lesbians are, therefore, unequal in the eyes of state law, and their families are denied the same respect as officially sanctioned families of opposite-sex individuals.

43. By purposefully denying civil marriage to gay and lesbian individuals, Virginia's ban on same-sex marriage discriminates on the basis of sexual orientation. Gay and lesbian individuals are unable to enter into marriages available through the State to opposite-sex couples solely because of their sexual orientation.

44. The disadvantages these laws impose upon gay men and lesbians are the result of disapproval or animus against a politically unpopular group. But the United States Constitution's guarantee of equality under the Fourteenth Amendment "must at the very least mean that a bare (legislative) desire to harm a politically unpopular group

15

cannot justify disparate treatment of that group." *Windsor*, 133 S. Ct. at 2693. Accordingly, these laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by casting gays and lesbians into disfavored legal status and categorizing them as "second-class citizens."

45. These laws also violate the Equal Protection Clause because they discriminate on the basis of sex. Under these laws, a man who wishes to marry a man may not do so because he is a man, and a woman may not marry a woman because she is a woman. Thus, the laws limit civil marriage on the basis of sex.

46. Virginia's statutory and constitutional laws directly and substantially interfere with Plaintiffs' fundamental right to marry. The right to marry is protected by the Fourteenth Amendment as a vital personal right that is integral to an individual's identity, autonomy, dignity, and intimate associations. Virginia's laws restricting civil marriage to opposite-sex couples impinge on the fundamental right of gay and lesbian individuals to marry without serving any legitimate governmental interest, let alone any important or compelling interest to which they are narrowly-tailored.

47. Whether under a strict or heightened scrutiny analysis, or under a more lenient rational-basis analysis, these provisions of Virginia law and the Virginia Constitution do not bear any relation to a legitimate governmental purpose and, thus, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT THREE: VIOLATION OF 42 U.S.C. § 1983

48. Plaintiffs incorporate here by reference paragraphs 1 through 47, *supra,* as if fully set forth herein.

49. Insofar as they are enforcing the terms of Va. Code §§ 20-45.2 and 20-45.3, and Article I, § 15-A of the State constitution, Defendants, acting under the color of state law, are depriving, and will continue to deprive, Plaintiffs of numerous rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## IRREPARABLE INJURY

50. Plaintiffs incorporate here by reference paragraphs 1 through 49, *supra,* as if fully set forth herein.

51. Plaintiffs are severely and irreparably injured by the challenged state laws and constitutional provision that violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. By way of example only, Plaintiffs' injury as a result of these discriminatory laws includes the deprivation of rights guaranteed by the Fourteenth Amendment and the severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma caused by the inability to marry and have society accord their unions and their families the same respect and dignity enjoyed by opposite-sex unions and families. Because Plaintiffs cannot marry under Virginia law, nor have their out-of-state marriages recognized by the Commonwealth, they cannot, for example, currently receive social security benefits, naval disability benefits, Medicaid benefits, Veterans Administration benefits, immigration law benefits and favorable treatment on income and estate taxes prescribed by state law. They also cannot currently claim benefits under various state and federal laws that apply only to married couples because they cannot marry under Virginia law. Plaintiffs' injuries will be redressed only if this Court declares these provisions unconstitutional and enjoins Defendants from enforcing them.

52. An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether the laws violate the Due Process and Equal Protection clauses of the Fourteenth Amendment. Defendants are presently enforcing these state laws to the detriment of Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Plaintiffs respectfully request that this Court, pursuant to 28 U.S.C. § 2201, construe Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Constitution of Virginia and enter a declaratory judgment stating that these provisions and any other Virginia law that bars same-sex marriage or prohibits the State's recognition of otherwise-lawful same-sex marriages from other jurisdictions violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. Plaintiffs respectfully request that this Court enter a preliminary and a permanent injunction enjoining enforcement or application of Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Constitution of Virginia and any other Virginia law that bars same-sex marriage or prohibits the State's recognition of otherwise-lawful same-sex marriages from other jurisdictions.

3. Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and all further relief to which they may be justly entitled.

TIMOTHY B. BOSTIC, TONY C. LONDON, CAROL SCHALL & MARY TOWNLEY


By:   /s/
Charles B. Lustig
VSB # 29442
Thomas B. Shuttleworth
VSB # 13330
Robert E. Ruloff
VSB # 13471
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452
(757) 671-6000 (phone)
(757) 671-6004 (fax)
clustig@srgslaw.com
tshuttleworth@srgslaw.com
rruloff@srgslaw.com

Counsel for Plaintiffs


CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of September 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notice of such filing to E. Duncan Getchell, Jr., Esq., Counsel for Defendants McDonnell and Cuccinelli and Counsel for the Commonwealth, and to David Oakley, Esq., Counsel for Defendant Scheafer. Counsel will effect service, or seek waiver of service, on the additional Defendant Janet M. Rainey.

/s/
Charles B. Lustig
VSB # 29442
Thomas B. Shuttleworth
VSB # 13330
Robert E. Ruloff
VSB # 13471
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452
(757) 671-6000 (phone)
(757) 671-6004 (fax)
clustig@srgslaw.com
tshuttleworth@srgslaw.com
rruloff@srgslaw.com

Counsel for Plaintiffs