**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00395 |
| ) | |
| JANET M. RAINEY, in her official capacity as ) | |
| State Registrar of Vital Records, and ) | |
| GEORGE E. SCHAEFER, III, in his official ) | |
| capacity as the Clerk of the Court for Norfolk ) | |
| Circuit Court, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF JANET M. RAINEY**

COMES NOW, Janet M. Rainey, by counsel, in her official capacity as State Registrar of Vital Records, appearing in lieu of service, and in response to Plaintiffs' First Amended Complaint, (Doc. 18), states as follows:

**INTRODUCTION**

1.  Fundamental rights are those that are "objectively, 'deeply rooted in this Nation's history and tradition' . . . and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.'" *Washington* v. *Glucksberg*, 521 U.S. 702, 720-21 (1997) (citations omitted). The claimed right of same-sex marriage is not deeply rooted in our history and tradition. *See, e.g.*, *United States* v. *Windsor*, 133 S. Ct. 2675, 2696 (2013) (Roberts, C.J., dissenting) (As recently as 1996, the traditional definition of marriage as the union of man and woman "had been adopted by every State in our Nation, and every nation in the world."); *Hernandez* v. *Robles*, 855 N.E.2d 1, 8 (N.Y. 2006) (Until recently, "it was an accepted truth for almost everyone who ever lived, in any society in which marriage existed, that there could be marriages only between participants of different sex."). In *Baker* v. *Nelson*, 191

N.W.2d 185 (Minn. 1971), it was decided that refusing marital status to same-sex couples violated neither due process nor equal protection. The Supreme Court dismissed the direct appeal in that case for want of a substantial federal question. *Baker* v. *Nelson*, 409 U.S. 810 (1972). That determination prevents any lower federal court from invalidating a state marriage definition as violative of a "constitutional right to same-sex marriage." *See Massachusetts* v. *HHS*, 682 F.3d 1, 8 (1st Cir. 2012) (*Baker* v. *Nelson* binding).

2. Since 1607 marriage in Virginia has been only between a man and a woman as a matter of law and neither Article I, § 15-A of the Virginia Constitution nor Virginia Code § 20-45.2 altered the legal definition of marriage or denied any rights that had previously existed. No Plaintiff has alleged facts giving rise to standing to challenge Virginia Code § 20-45.3 which, in any event, is valid.

3. Although Virginia does not recognize out of state same-sex marriages, this does not violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

4. Plaintiffs cannot make the showing that would satisfy the extraordinary standard applicable to preliminary mandatory injunctions and they also are not entitled to a permanent injunction or to a declaratory judgment because there is no constitutional right to same-sex marriage.

## JURISDICTION AND VENUE

5. While this case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, this Court may not grant any of the requested relief under *Baker* v. *Nelson*.

6. Proper venue is admitted.

**NATURE OF DISPUTE**

7. Admitted that this action is brought pursuant to 42 U.S.C. § 1983 and that it seeks declaratory and injunctive relief against Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution. Denied that Plaintiffs could be married as of right absent these provisions or that Plaintiffs are entitled to any relief.

8. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage violates the Equal Protection or Due Process Clauses of the Fourteenth Amendment.

9. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage violates the Equal Protection or Due Process Clauses of the Fourteenth Amendment.

10. Although it is admitted that Plaintiffs purport to sue pursuant to 42 U.S.C. § 1983 for fees, costs, expenses, declaratory and injunctive relief, Defendant Rainey denies that they are entitled to any relief.

11. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

12. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

13. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

14. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

15. The laws applicable to Defendant George E. Schaefer, III, in his official capacity as the Clerk of the Circuit Court for the City of Norfolk, speak for themselves. The allegations with respect to their effect on him as a proper *Ex parte Young* defendant are legal conclusions that require no response.

16. The laws applicable to Defendant Janet M. Rainey, in her official capacity as the State Registrar of Vital Records, speak for themselves. The allegations with respect to their effect on her as a proper *Ex parte Young* defendant are legal conclusions that require no response.

17. Denied that the duties of Defendants Schaefer and Rainey, and those subject to their supervision, direction, and control, would be different with respect to marriage eligibility under the Fourteenth Amendment's Due Process and Equal Protection Clauses if Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution had never been adopted.

18. Denied that "societal" attitudes are state action for which Virginia is responsible. Denied that the laws of Virginia regulate or create categories based upon sexual orientation as such. Whatever laws of Virginia are intended to be encompassed by the allegations of Paragraph 18 speak for themselves.

19. Although Defendant Rainey admits that Virginia Code § 20-45.2 was adopted in 1975 and that "[i]n November 2006, a majority of Virginia voters ratified" Article I, § 15-A, she avers that those provisions speak for themselves. She denies that persons of any gender or sexual orientation are barred from traditional marriage on that account. She further denies that

*United States* v. *Windsor*, 133 S. Ct. 2675, 2694-96 (2013), or the language quoted from it, provide a rule of decision that entitles Plaintiffs to relief. *Windsor* did not overrule *Baker* v. *Nelson*, the four Justices in dissent affirmed the view that the traditional definition of marriage is constitutional, and the federalism analysis in *Windsor* deprives it of precedential force for overturning traditional state definitions of marriage. *Windsor*, 133 S. Ct. at 2696 ("This opinion and its holding are confined to those lawful marriages."); *see also Windsor*, 133 S. Ct. at 2696 (Roberts, C.J., dissenting) (that phrase refers "to same-sex marriages that a State has already recognized as a result of the local 'community's considered perspective on the historical roots of the institution of marriage and its evolving understanding of the meaning of equality.'").

20. Since 1607 marriage in Virginia has been defined as between a man and a woman/a husband and a wife. Denied that any individuals are barred from traditional marriage because of sexual orientation.

21. Whether the traditional definition of marriage collaterally affects certain federal benefits is an allegation of law requiring no response.

22. Denied that concepts of affirmation, or the quoted language, make *Windsor* a rule of decision that can be used to strike down the traditional definition of marriage under the Fourteenth Amendment. The referenced Virginia statutory and constitutional provisions speak for themselves.

23. Denied that concepts of affirmation, or the quoted language, make *Windsor* a rule of decision that can be used to strike down the traditional definition of marriage under the Fourteenth Amendment. The referenced Virginia statutory and constitutional provisions speak for themselves.

24. Denied. The referenced Virginia statutory and constitutional provisions speak for themselves. Defendant Rainey further avers that neither *Romer* v. *Evans*, 517 U.S. 620 (1996), nor *Windsor* provide a rule of decision that can be used to strike down the traditional definition of marriage under the Fourteenth Amendment.

25. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

26. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

27. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. Defendant Rainey further denies that Plaintiffs have been denied their legal rights.

28. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

29. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

30. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. All referenced laws speak for themselves.

31. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

32. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. All referenced laws speak for themselves.

33. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. All referenced laws speak for themselves.

34. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. Denied that Plaintiffs have been deprived of their rights under the Fourteenth Amendment or that they have suffered legal injury.

35. Denied that an injunction against Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A would change the pre-existing common law definition of marriage, *see Alexander* v. *Kuykendall*, 192 Va. 8, 11, 63 S.E.2d 746, 747-48 (1951) (Those who enter a marriage "are, or should be, motivated by love and affection to form a mutual and voluntary compact to live together as husband and wife, until separated by death, for the purpose of mutual happiness, establishing a family, the continuance of the race, the propagation of children, and the general good of society."); *Burke* v. *Shaver*, 92 Va. 345, 347 (1895) (A "contract for marriage is the mutual agreement of a man and a woman to marry each other, or become husband and wife in the future, and must satisfy the legal requirements as to parties, consideration, &c., as other contracts must."), or require issuance of a marriage license to Plaintiffs Bostic and London. It is further denied that the existing definition of marriage deprives Plaintiffs of rights under the Fourteenth Amendment. It is likewise denied that an injunction against those provisions would require Defendants to recognize Plaintiffs Schall and Townley as a lawfully married couple within the Commonwealth of Virginia. *See Heflinger* v. *Heflinger*, 136 Va. 289, 305-06, 118 S.E. 316, 321 (1923) (essentials of contract of marriage depend upon the law of the domicile not

the law of the state in which marriage is celebrated); Defense of Marriage Act, § 2, 110 Stat. 2419 [not challenged in *United States* v. *Windsor*, 133 S. Ct. 2675, 2682 (2013)].

## COUNT I
## DUE PROCESS

36. Defendant Rainey incorporates here by reference her responses to paragraphs 1 through 35, *supra*, as if fully set forth herein.

37. Denied.

38. Denied that Virginia's laws including Virginia Code §§ 20-45.2 and 20-45.3 and Virginia Constitution Article I, § 15-A impinge on fundamental liberties or cause Plaintiffs legal injury.

39. Denied.

## COUNT II
## EQUAL PROTECTION

40. Defendant Rainey incorporates here by reference her responses to paragraphs 1 through 39, *supra*, as if fully set forth herein.

41. Denied.

42. Denied. Same-sex persons desiring to marry are not similarly situated to different-sex persons desiring to marry within the meaning of the Equal Protection Clause of the Fourteenth Amendment. It is further denied that Plaintiffs have been deprived of their legal rights.

43. Denied. Marriage is not defined in Virginia in terms of sexual orientation. It is further denied that Plaintiffs have been denied their legal rights.

44. Denied that the rights of Plaintiffs under the Fourteenth Amendment have been violated; denied that the animus theory is supported historically as the source of Virginia's definition of marriage or as the basis for Virginia Code §§ 20-45.2 and 20-45.3 and Virginia

8

Constitution Article I, § 15-A; and denied that the quoted language from *Windsor*, 133 S. Ct. at 2693, provides a rule of decision in this case.

45. Denied that Virginia's definition of marriage discriminates on the basis of sex within the meaning of the Fourteenth Amendment.

46. Denied.

47. Denied.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983

48. Defendant Rainey incorporates here by reference her responses to paragraphs 1 through 47, *supra*, as if fully set forth herein.

49. Because Plaintiffs have not been deprived of rights secured by the Due Process or Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution there has been no violation of 42 U.S.C. § 1983.

## IRREPARABLE INJURY

50. Defendant Rainey incorporates here by reference her responses to paragraphs 1 through 49, *supra*, as if fully set forth herein.

51. Denied that Plaintiffs have suffered any legal injury under any of the theories pled.

52. Denied that Defendant Rainey is presently enforcing state laws to the legal detriment of Plaintiffs under the Due Process or Equal Protection Clauses of the Fourteenth Amendment. Denied that Plaintiffs' claims present an actual case or controversy because their desire for same-sex marriage or recognition of extraterritorial, same-sex marriage cannot be redressed simply by attacking the statutes and constitutional amendment at issue in light of the pre-existing common and statutory law.

53. All allegations not expressly admitted are denied.

54. Denied that Plaintiffs are entitled to any relief on any theory.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted.

2. *Stare decisis* consisting of controlling United States Supreme Court authority which may not be overturned by a lower court.

3. With respect to any civil union or impairment of political rights claim, lack of subject matter jurisdiction for want of standing and ripeness.

4. With respect to any impairment of political rights claim, the sovereign immunity/Eleventh Amendment bar because Defendant Rainey has no duties relevant to that claim.

        Respectfully Submitted,

        JANET M. RAINEY,
        in her official capacity

By:       /s/
        E. Duncan Getchell, Jr.
        Solicitor General of Virginia
        (VSB No. 14156)
        Office of the Attorney General
        900 East Main Street
        Richmond, Virginia 23219
        (804) 786-7240 – Telephone
        (804) 371-0200 – Facsimile
        dgetchell@oag.state.va.us

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Rita W. Beale, VSB #37032
Deputy Attorney General
E-mail: rbeale@oag.state.va.us

Allyson K. Tysinger, VSB #41982
Senior Assistant Attorney General/Chief
E-mail: atysinger@oag.state.va.us

Michael H. Brady, VSB #78309
Assistant Solicitor General
E-mail: mbrady@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for Plaintiffs:

Thomas B. Shuttleworth, VSB # 13330
Robert E. Ruloff, VSB # 13471
Charles B. Lustig, VSB # 29442
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452
(757) 671-6000 (phone)
(757) 671-6004 (fax)
*Counsel for Plaintiffs*

/s/
E. Duncan Getchell, Jr.