**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
-NORFOLK DIVISION-**

TIMOTHY B. BOSTIC, et al.

        Plaintiffs,

v.                                                    Case No.: 2:13cv395

JANET M. RAINEY, et al.

        Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant George E. Schaefer, III, in his official capacity as the Circuit Court Clerk of the City of Norfolk (hereinafter "Defendant Schaefer"), by counsel, and files his Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint for Declaratory, Injunctive and Other Relief as follows:

## ANSWER TO COMPLAINT

1. The cases cited in paragraph 1 speak for themselves and require no response. Any remaining allegations of paragraph 1 are denied.

2. Defendant Schaefer admits the Virginia Constitution and Virginia statutes define marriage as between one man and one woman. The relevant portions of the Virginia Constitution and statutes speak for themselves. Any remaining allegations of paragraph 2 are denied.

3. Defendant Schaefer admits the Virginia Code § 20-45.2 addresses treatment of same sex marriages entered into outside of the Commonwealth. This statute speaks for itself. Any remaining allegations of paragraph 3 are denied.

4. Defendant Schaefer denies Plaintiffs are entitled to the relief requested in paragraph 4. Any remaining allegations of paragraph 4 are denied.

5. Defendant Schaefer admits the Amended Complaint raises federal questions of Constitutional law but denies Plaintiffs are entitled to the relief requested.

6. Defendant Schaefer admits venue is proper in this Court.

7. Defendant Schaefer denies Plaintiffs are entitled to the relief requested in paragraph 7. Any remaining allegations of paragraph 7 are denied.

8. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 8 and such allegations are thus denied.

9. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 9 and such allegations are thus denied.

10. Defendant Schaefer denies Plaintiffs are entitled to the relief requested in paragraph 10. Any remaining allegations of paragraph 10 are denied.

11. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 11 and such allegations are thus denied.

12. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 12 and such allegations are thus denied.

13. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 13 and such allegations are thus denied.

14. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 14 and such allegations are thus denied.

15. Defendant Schaefer admits he is the Clerk of the Circuit Court for the City of Norfolk, Virginia, that under Virginia statute he issues marriage license, and his duties and

responsibilities regarding issuance of such licenses as provided by law speak for themselves. The remaining allegations of paragraph 15 are legal conclusions to which no response is necessary, and such remaining allegations are thus denied.

16. Defendant Schaefer admits Defendant Janet M. Rainey is the State Registrar of Vital records and her duties and responsibilities provided for by law speak for themselves. The remaining allegations of paragraph 16 are legal conclusions to which no response is necessary, and such remaining allegations are thus denied.

17. Defendant Schaefer admits that as a constitutional officer for the Commonwealth of Virginia he, and those persons working in his office, are required to abide by and follow all relevant laws, including but not limited to, the Virginia Constitution and Virginia statutes when carrying out his duties and responsibilities. Upon information and belief, Defendant Rainey is similarly required to abide by all laws when carrying out her duties and responsibilities. Any remaining allegations of paragraph 17 are legal conclusions and a statement of the relief requested to which no response is required, and Defendant Schaefer thus denies the allegations of paragraph 17.

18. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 18 and such allegations are thus denied.

19. The statutory law and Virginia Constitutional amendment cited by Plaintiffs speak for themselves. United States v. Windsor, __ U.S.__, 133 S. Ct. 2675 (2013) did not find any individual state's regulation of marriage unconstitutional. Any remaining allegations of paragraph 19 are denied.

20. The Virginia Constitution and statutes defining marriage as being between one man and one woman speak for themselves. Defendant Schaefer admits any persons meeting the

qualifications for a marriage license, as defined by the Virginia Constitution and Virginia statutes may be granted a marriage license in Virginia. Any remaining allegations of paragraph 20 are denied.

21. Plaintiffs' entitlement to federal benefits and privileges are conclusions of law to which no response is required and such allegations are thus denied. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 18 and such allegations are thus denied.

22. The relevant portions of the Virginia Constitution and statutes speak for themselves. United States v. Windsor did not find any state's individual regulation of marriage unconstitutional. Defendant Schaefer is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 and such allegations are thus denied.

23. The relevant portions of the Virginia Constitution and statutes speak for themselves. United States v. Windsor did not find any individual state's regulation of marriage unconstitutional. Any remaining allegations of paragraph 23 are denied.

24. To the extent paragraph 24 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes and the cases cited by Plaintiffs speak for themselves. Defendant Schaefer denies any remaining allegations of paragraph 24.

25. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 25 and such allegations are thus denied.

26. Defendant Schaefer admits that upon information and belief Plaintiffs Bostic and London came to the Norfolk Circuit Court Clerk's on or about July 1, 2013 and inquired about

applying for a marriage license. Plaintiffs Bostic and London were informed by staff members of the office that same sex couples could not be given a marriage license in the Commonwealth of Virginia under the Virginia Constitution and statutes. Plaintiffs Bostic and London were provided a copy of one or more of the relevant statutes and/or Virginia constitutional provisions. Upon information and belief, Plaintiffs Bostic and London did not submit an application for a marriage license. Defendant Schaefer is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 25 and such allegations are thus denied.

27. To the extent 27 consists of legal conclusions, no response is required. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 27 and such allegations are thus denied.

28. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 28 and such allegations are thus denied.

29. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 29 and such allegations are thus denied.

30. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 30 and such allegations are thus denied.

31. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 31 and such allegations are thus denied.

32. The relevant portions of the Virginia Constitution and statutes speak for themselves. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 32 and such allegations are thus denied.

33. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 33 and such allegations are thus denied.

34. To the extent 34 consists of legal conclusions, no response is required. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 34 and such allegations are thus denied.

35. To the extent 35 consists of legal conclusions, no response is required. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations of paragraph 35 and such allegations are thus denied. Defendant Schaefer denies Plaintiffs are entitled the relief requested.

36. Defendant Schaefer incorporates herein by reference paragraphs 1-35.

37. To the extent paragraph 37 consists of legal conclusions, no response is required. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 37.

38. To the extent paragraph 38 consists of legal conclusions, no response is required. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 38.

39. To the extent paragraph 39 consists of legal conclusions, no response is required. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 39.

40. Defendant Schaefer incorporates herein by reference paragraphs 1-39.

41. To the extent paragraph 41 consists of legal conclusions, no response is required. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 41.

42. The Virginia Constitution and statutes defining marriage as being between one man and one woman speak for themselves. Defendant Schaefer admits any persons meeting the qualifications for a marriage license, as defined by the Virginia Constitution and Virginia statutes may be granted a marriage license in Virginia. To the extent paragraph 42

consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 42.

43. To the extent paragraph 43 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 43.

44. To the extent paragraph 44 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes and case law cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 44.

45. To the extent paragraph 45 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 45.

46. To the extent paragraph 46 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 46.

47. To the extent paragraph 47 consists of legal conclusions, no response is required. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. To the extent a response is required, Defendant Schaefer denies the allegations of paragraph 47.

48. Defendant Schaefer incorporates herein by reference paragraphs 1-47.

49. Defendant Schaefer denies he has violated 42 U.S.C. § 1983 regarding Plaintiffs' Constitutional rights. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. Any remaining allegations of paragraph 49 are denied.

50. Defendant Schaefer incorporates herein by reference paragraphs 1-49.

51. Defendant Schaefer is without sufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' entitlement to the benefits which they claim to be denied, and thus such allegations are denied. The relevant portions of the Virginia Constitution and statutes cited by Plaintiffs speak for themselves. Defendant Schaefer denies any remaining allegations of paragraph 51.

52. Defendant Schaefer denies the allegations of paragraph 52.

53. Defendant Schaefer denies Plaintiffs are entitled to the relief requested.

54. Any allegations not expressly admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief may be granted.

2. Absolute and/or qualified immunity.

3. Under the doctrine of stare decisis this Court is not permitted to overturn controlling authority of the Unites States Supreme Court.

4. Upon information and belief some or all of the Plaintiffs lack standing to assert the claims presented in the Complaint.

5. Upon information and belief, some or all of the Plaintiffs' claims are not ripe for judicial determination by this Court.

Wherefore, Defendant George E. Schaefer, III, in his official capacity as Clerk of the Court for the Norfolk Circuit Court, respectfully requests Plaintiffs' Amended Complaint be dismissed with prejudice, Defendant Schaefer be awarded his costs and attorney's fees in defending this matter and for such further relief deemed necessary and just.

Respectfully submitted this 20th day of September, 2013.

                                                    Respectfully submitted,

                                                    GEORGE E. SCHAEFER, III, in his official
                                                    capacity as Clerk of Court for Norfolk Circuit Court

                                                    By: _____/s/_____

David B. Oakley, Esq.
Virginia Bar Number 72226
Jeffrey F. Brooke, Esq.
Virginia Bar Number 28699
POOLE MAHONEY PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320
Phone: 757-962-6625
Fax: 757-962-6180
*Counsel for Defendant George E. Schaefer, III*
*in his official capacity as Clerk of Court for Norfolk Circuit Court*

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

    Thomas B. Shuttleworth, Esq., tshuttleworth@srgslaw.com
    Charles B. Lustig, Esq., clustig@srgslaw.com

    and

    E. Duncan Getchell, Jr. – dgetchell@oag.state.va.us

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing user at his last known address:

Robert E. Ruloff, Esq., VSB # 13471
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452

By:       /s/      
David B. Oakley, Esq.
Virginia Bar Number 72226
Jeffrey F. Brooke, Esq.
Virginia Bar Number 28699
POOLE MAHONEY PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320
Phone: 757-962-6625
Fax: 757-962-6180
Email: doakley@poolemahoney.com