# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA—NORFOLK DIVISION

TIMOTHY B. BOSTIC,

TONY C. LONDON,

CAROL SCHALL, and

MARY TOWNLEY,

    Plaintiffs,

v.                                                CASE NO. 2:13-cv-395

JANET M. RAINEY, in her official
capacity as State Registrar of Vital Records, and

GEORGE E. SCHAEFER, III, in his official
capacity as the Clerk of Court
for Norfolk Circuit Court,

Defendants.

## PLAINTIFFS' RESPONSE TO PROPOSED INTERVENOR'S MOTION TO INTERVENE

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    Clerk McQuigg Is Not Entitled To Intervention As Of Right Because She Lacks A Significantly Protectable Interest In This Litigation. ........................................ 2

    II.   Clerk McQuigg Should Not Be Permitted To Intervene Unless She Stipulates That She Is Bound By The Court's Rulings. ................................................................ 6

CONCLUSION ......................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Am. Ass'n of People with Disabilities v. Herrera*,
  257 F.R.D. 236 (D.N.M. 2008) ............................................................................................. 5

*Bogaert v. Land*,
  No. 08-687, 2008 WL 2952006 (W.D. Mich. July 29, 2008) .............................................. 5

*Camreta v. Greene*,
  131 S. Ct. 2020 (2011) ......................................................................................................... 5

*Cooper v. Aaron*,
  358 U.S. 1 (1958) ................................................................................................................. 4

*CSX Transp. v. Bd. of Public Works*,
  138 F.3d 537 (4th Cir. 1998) ............................................................................................... 5

*Dairy Maid Dairy, Inc. v. United States*,
  147 F.R.D. 109 (E.D. Va. 1993) .......................................................................................... 3

*Donaldson v. United States*,
  400 U.S. 517 (1971) ............................................................................................................. 3

*Galvan v. Levine*,
  490 F.2d 1255 (2d Cir. 1973) .............................................................................................. 5

*Gasperini v. Ctr. for Humanities*,
  518 U.S. 415 (1996) ............................................................................................................. 5

*Griego v. Oliver*,
  No. 34,306, 2013 WL 6670704 (N.M. Dec. 19, 2013) ....................................................... 7

*Harris v. McDonnell*,
  No. 13-00077, 2013 WL 5720355 (W.D. Va. Oct. 18, 2013) ......................................... 4, 5

*Hollingsworth v. O'Connell*,
  Case No. S211990 (Cal. Sup. Ct. filed July 12, 2013) .................................................... 2, 6

*Houston Gen. Ins. Co. v. Moore*,
  193 F.3d 838 (4th Cir. 1999) ............................................................................................... 2

*Kitchen v. Herbert*,
  No. 13-217, 2013 WL 6697874 (D. Utah Dec. 20, 2013) ................................................... 7

*McCray v. Maryland*,
  456 F.2d 1 (1972) ................................................................................................................. 3

*Mills v. District of Columbia*,
  266 F.R.D. 20 (D.D.C. 2010) .............................................................................................. 5

*Nish & Goodwill Servs., Inc. v. Cohen*,
  191 F.R.D. 94 (E.D. Va. 2000) ............................................................................................ 3

*Obergefell v. Wymyslo*,
  No. 13-501, 2013 WL 6726688 (S.D. Ohio Dec. 23, 2013) ............................................... 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Romer v. Evans*,
   517 U.S. 620 (1996) ........................................................................................................... 4

*Soto-Lopez v. N.Y. City Civil Serv. Comm'n*,
   840 F.2d 162 (2d Cir. 1988) ........................................................................................... 4, 6

*Stuart v. Huff*,
   706 F.3d 345 (4th Cir. 2013) ............................................................................................. 6

*United States v. Comstock*,
   627 F.3d 513 (4th Cir. 2010) ........................................................................................... 1, 4

*United States v. Salerno*,
   481 U.S. 739 (1987) ........................................................................................................... 1

*United States v. Virginia*,
   282 F.R.D. 403 (E.D. Va. 2012) ....................................................................................... 5

**Constitutional Provisions**

U.S. Const. art. VI, cl. 2 ............................................................................................................ 4
Va. Const. art. II, § 7 ................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 24(a) ........................................................................................................ 1, 2, 3
Fed. R. Civ. P. 24(b) ........................................................................................................ 1, 2, 6

**Statutes**

Va. Code § 20-14 ...................................................................................................................... 3
Va. Code § 20-16 ...................................................................................................................... 3
Va. Code § 20-20 ...................................................................................................................... 3
Va. Code § 32.1-252 .............................................................................................................. 1, 3
Va. Code § 32.1-267 .............................................................................................................. 1, 3

## INTRODUCTION

Michèle McQuigg, in her official capacity as Prince William County Clerk of Circuit Court ("Clerk McQuigg"), seeks to intervene in this action to defend the constitutionality of Virginia's Marriage Prohibition either as of right or pursuant to permissive intervention. *See* McQuigg Br. at 3–4.

Clerk McQuigg is not entitled to intervene as of right for at least the reason that she does not have a significantly protectable interest in this case that is distinct from the interests of the named Defendants. Any interest she may have is subordinate to Defendant Rainey's interests because under Virginia law, a Circuit Court Clerk has no discretion to depart from the State Registrar's directives concerning marriage applications, licenses, and certificates. *See* Va. Code §§ 32.1-252, 32.1-267. Accordingly, if Defendant Rainey is enjoined from enforcing Virginia's Marriage Prohibition and ordered to conform the Commonwealth's system of vital records to provide for marriages between same-sex couples, Clerk McQuigg will in turn be constrained to abide by the Registrar's instructions when processing marriage applications submitted by same-sex couples.

More to the point, if this Court declares Virginia's Marriage Prohibition to be facially unconstitutional, it will be invalid in all of its applications, and all state actors have an obligation to cease enforcement of unconstitutional state laws. *See United States v. Comstock*, 627 F.3d 513, 518 (4th Cir. 2010) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Intervention under Rule 24(a) therefore is not proper.

Rule 24(b)(2), however, provides that "the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on . . . (A) a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2). As a constitutional officer of the Commonwealth, Clerk McQuigg qualifies as a "state governmental

1

officer," and her "defense" to Plaintiffs' claims is in some sense "based on" the marriage laws that she administers for Prince William County. So this Court may have discretion to permit her intervention under Rule 24(b)(2). Plaintiffs take no position whether the Court should exercise its discretion to do so. In no event, however, should Clerk McQuigg be permitted to intervene unless she agrees that: (1) she will not file additional briefs, make additional motions, or otherwise take steps in this Court to delay the prompt resolution of these proceedings, (2) she will be bound by the Court's judgment in this matter, and (3) she will not attempt to collaterally attack this Court's judgment in state court (*cf. Hollingsworth v. O'Connell*, Case No. S211990 (Cal. Sup. Ct. filed July 12, 2013)). Finally, if the Court does permit Clerk McQuigg's intervention at this late date, it also should make clear that no further motions to intervene in this action will be entertained.

## ARGUMENT

**I.     Clerk McQuigg Is Not Entitled To Intervention As Of Right Because She Lacks A Significantly Protectable Interest In This Litigation.**

Intervention as of right under Federal Rule of Civil Procedure 24(a)(2) is permissible only where "(1) the application to intervene [is] timely; (2) the applicant [has] an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Because Clerk McQuigg must meet all four parts of this test, failure to satisfy any one of the criteria requires denial of her motion. *See id.*[1]

---

[1] Clerk McQuigg does not seek intervention under Rule 24(a)(1), and it has no application here because there is no federal statute purporting to give Clerk McQuigg or any person a right to intervene in this action. *See* Fed. R. Civ. P. 24(a)(1).

2

Clerk McQuigg's motion should be denied because she lacks a "significantly protectable interest" in this case. *Donaldson v. United States*, 400 U.S. 517, 531 (1971); Fed. R. Civ. P. 24(a). A mere "general" interest in the subject matter of the litigation does not constitute a protectable interest within the meaning of Rule 24(a)(2). *Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 96 (E.D. Va. 2000). Instead, to be protected, the "intervenor's claim must bear a close relationship to the dispute between the existing litigants and . . . be direct, rather than remote or contingent." *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993) (citation omitted). Clerk McQuigg offers only vague references to alleged interests she may have in this litigation, none of which warrants intervention as of right.

Clerk McQuigg primarily claims she has an interest in this litigation because she must perform legal duties related to marriage. McQuigg Br. at 6. But under Virginia law, "[t]he *State Registrar* shall furnish forms for the marriage license, marriage certificate, and application for marriage license used in the Commonwealth." Va. Code § 32.1-267 (emphasis added). And the State Registrar is vested with the authority to "[d]irect, supervise and control the activities of all persons when pertaining to the operation of the system of vital records," *id.* § 32.1-252, which includes marriage licenses and applications for marriage licenses. Thus, although county clerks issue marriage licenses, *id.* § 20-14, certify information provided by applicants for a marriage license, *id.* § 20-16, and file marriage licenses and certificates, *id.* § 20-20, they do so in accordance with the State Registrar's rules governing these vital records. Clerk McQuigg's actions with respect to marriage in the Commonwealth are ministerial—not discretionary. *See, e.g.*, *McCray v. Maryland*, 456 F.2d 1, 4 (1972) (classifying clerk's duty as "ministerial" where clerk did not exercise discretion in performing mandatory filing responsibilities). Under this statutory scheme, Clerk McQuigg does not have a protectable interest in the outcome of the

litigation because she has no discretion to disregard the mandates of the State Registrar who is already a named party to the case.

Moreover, Clerk McQuigg is wrong to suggest that unless she is a named defendant, she cannot know "definitively the nature of her marriage-related duties going forward." McQuigg Br. at 8; *see also* R. 72-1: McQuigg Decl. ¶ 5 ("It is unclear to me whether, [in the event of a favorable ruling for Plaintiffs], I would have a duty to follow Virginia's Marriage Laws or to follow the ruling of this Court."). As she concedes, in addition to promising to uphold the laws of the Commonwealth, she also vowed to uphold the United States Constitution. McQuigg Br. at 3 (citing Va. Const. art. II, § 7). Under the Supremacy Clause, the United States "Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2. If a state statute or constitutional provision conflicts with the federal constitution, the state provision is invalid; a state official's only duty is to disregard the unconstitutional state law. *See*, *e.g.*, *Romer v. Evans*, 517 U.S. 620, 623 (1996). Accordingly, "[w]hen a state statute has been ruled unconstitutional, state actors have an obligation to desist from enforcing that statute." *Soto-Lopez v. N.Y. City Civil Serv. Comm'n*, 840 F.2d 162, 168 (2d Cir. 1988) (citing *Cooper v. Aaron*, 358 U.S. 1, 17–18 (1958)); *Comstock*, 627 F.3d at 518; *see also Harris v. McDonnell*, No. 13-00077, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013) (differences in the clerks named in separate lawsuits challenging Virginia's Marriage Prohibition "are largely immaterial as a declaratory judgment decision against any one of the state defendants [in either case] would be binding as to all").

Indeed, in opposing class certification in the parallel, later-filed *Harris* action in the Western District of Virginia, Defendant Rainey argued that the proposed class action was

4

unnecessary because "'it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the [regulation's] enforcement.'" Br. for State Defendants, at 6, *Harris v. McDonnell* (W.D. Va. No. 13-00777) (quoting *Mills v. District of Columbia*, 266 F.R.D. 20, 22 (D.D.C. 2010)). Quoting Judge Friendly, Defendant Rainey affirmed that the "'State has made clear that it understands the judgment to bind it with respect to all claimants.'" *Id.* (quoting *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973)).[2]

---

[2] The cases on which Clerk McQuigg relies do not support her argument that she has a protectable interest in this case. *See* McQuigg Br. at 8. For example, *United States v. Virginia*, 282 F.R.D. 403, 404 (E.D. Va. 2012), does not involve government officials seeking to intervene in a litigation; it involved instead the motion to intervene of residents of state-run facilities who would be displaced by the government officials' implementation of a consent decree. And in both *American Association of People with Disabilities v. Herrera*, 257 F.R.D. 236, 256 (D.N.M. 2008), and *Bogaert v. Land*, No. 08-687, 2008 WL 2952006, at *2 (W.D. Mich. July 29, 2008), intervention was appropriate because granting the plaintiffs' requested injunctive relief would have changed the duties the proposed intervenors were required to perform under the relevant state law. *See Herrera*, 257 F.R.D. at 256 ("If the injunction was issued, [the clerk] would be prohibited from performing certain electoral duties that New Mexico law requires."); *Bogaert*, 2008 WL 2952006, at *2 ("[I]f the Court grants Plaintiff's motion for a preliminary injunction [the clerks] would have obligations related to administering the recall election."). That is not the case here. Whatever the outcome of this litigation, Clerk McQuigg's duty will remain the same: to process applications for marriage licenses promulgated by the State Registrar. An injunction in this case would *not* add to, or otherwise alter, Clerk McQuigg's legal duties.

Clerk McQuigg relies on *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011), and *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 430 n.10 (1996), to argue that the effect of this Court's decision on her duties is uncertain because district court decisions are not binding on other judges or in other jurisdictions. McQuigg Br. at 8. As an initial matter, Prince William County is within this Court's jurisdiction, so the jurisdictional reach of the Court's rulings is irrelevant here. But, moreover, *Camreta* and *Gasperini* only reference in dicta the fact that district court decisions are not precedential. *Camreta*, 131 S. Ct. at 2033 n.7; *Gasperini*, 518 U.S. at 430 n.10. They say nothing to contravene the well-settled principle that state officials must refrain from enforcing statutes a federal court has ruled unconstitutional because "an unconstitutional statute is void." *CSX Transp. v. Bd. of Public Works*, 138 F.3d 537, 540 (4th Cir. 1998).

Against that background, Clerk McQuigg's claim that "clarity can be obtained only by her inclusion as a defendant," McQuigg Br. at 8, falls flat. Her obligation is to follow federal law regardless of her status as a party. Followed to its logical conclusion, Clerk McQuigg's position would allow—indeed, require—*all* of the other clerks in the Commonwealth to intervene for "clarity" to be obtained. But "[g]iven an established unconstitutionality," such a determination "would be . . . unthinkable." *Soto-Lopez*, 840 F.2d at 168 (internal quotation omitted).

## II. Clerk McQuigg Should Not Be Permitted To Intervene Unless She Stipulates That She Is Bound By The Court's Rulings.

"If intervention of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b), although in that case the court must consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)(3)).

Here, the Court may have discretion to permit Clerk McQuigg to intervene under Rule 24(b)(2): she is a "state governmental officer," and the "defense" to Plaintiffs' claims that she asserts is, in some sense, "based on" the marriage laws of the Commonwealth that Plaintiffs attack. Fed. R. Civ. P. 24(b)(2). Plaintiffs take no position whether the Court should exercise its discretion to do so. But, if the Court is inclined to permit Clerk McQuigg's intervention, to prevent "undue delay and prejudice" in the "adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), the Court should require her to stipulate that: (1) she will not file additional briefs, make additional motions, or otherwise take steps in this Court to delay the prompt resolution of these proceedings, (2) she will be bound by the Court's judgment in this matter, and (3) she will not attempt to collaterally attack this Court's judgment in state court (*cf. Hollingsworth v. O'Connell*, Case No. S211990 (Cal. Sup. Ct. filed July 12, 2013)). Therefore,

6

if Plaintiffs prevail—as gay men and lesbians are in their constitutional challenges to analogous marriage restrictions across the country, *see, e.g.*, *Obergefell v. Wymyslo*, No. 13-501, 2013 WL 6726688, at *21 (S.D. Ohio Dec. 23, 2013); *Kitchen v. Herbert*, No. 13-217, 2013 WL 6697874, at *18 (D. Utah Dec. 20, 2013); *Griego v. Oliver*, No. 34,306, 2013 WL 6670704, at *20–22 (N.M. Dec. 19, 2013)—then Clerk McQuigg will be as bound to cease enforcing Virginia's Marriage Prohibition as the original parties in the case. Lest other state officials similarly seek to intervene at this late date, any order permitting Clerk McQuigg to intervene also should make clear that no further motions to intervene will be entertained.

## CONCLUSION

For the foregoing reasons, this Court should deny Clerk McQuigg's motion to intervene as of right and may exercise its discretion in adjudicating Clerk McQuigg's motion for permissive intervention.

Dated: January 7, 2014

Respectfully submitted,

/s/ Charles B. Lustig
Thomas B. Shuttleworth, VSB # 13330
tshuttleworth@srgslaw.com
Robert E. Ruloff, VSB # 13471
rruloff@srgslaw.com
Charles B. Lustig, VSB # 29442
clustig@srgslaw.com
Andrew M. Hendrick, VSB # 42852
ahendrick@srgslaw.com
Erik C. Porcaro, VSB # 84793
eporcaro@srgslaw.com
SHUTTLEWORTH, RULOFF, SWAIN,
HADDAD & MORECOCK, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452
T: (757) 671-6000
F: (757) 671-6004

David Boies, *admitted pro hac vice*
dboies@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP

Theodore B. Olson, *admitted pro hac vice*
tolson@gibsondunn.com
Matthew D. McGill, *admitted pro hac vice*

7

333 Main St.
Armonk, NY 10504
T: (914) 749-8200
F: (914) 749-8300

Robert B. Silver, *admitted pro hac vice*
rsilver@bsfllp.com
Joshua I. Schiller, *admitted pro hac vice*
jischiller@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
T: (212) 446-2300
F: (914) 446-2350

William A. Isaacson, *admitted pro hac vice*
wisaacson@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
T: (202)237-2727
F: (202)237-6131

Jeremy M. Goldman, *admitted pro hac vice*
jgoldman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
T: (510) 874-1000
F: (510)874-1460

*Counsel for Plaintiffs*

mmcgill@gibsondunn.com
Amir C. Tayrani, *admitted pro hac vice*
atayrani@gibsondunn.com
Chantale Fiebig, *admitted pro hac vice*
cfiebig@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
T: (202) 955-8668
F: (202) 467-0539

Theodore J. Boutrous, Jr., *admitted pro hac vice*
tboutrous@gibsondunn.com
Joshua S. Lipshutz, *admitted pro hac vice*
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520

*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2014, I electronically filed the foregoing Plaintiffs' Response to Proposed Intervenor's Motion to Intervene with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to Byron J. Babione, Esq., Kenneth J. Connelly, Esq., J. Caleb C. Dalton, Esq., Jordan W. Lorence, Esq., and M. Casey Mattox, Esq., Counsel for Proposed Intervenor McQuigg; to Michael H. Brady, Esq., Counsel for Defendant Rainey; and to David B. Oakley, Esq., Counsel for Defendant Schaefer.

Respectfully submitted,

/s/ Charles B. Lustig
Thomas B. Shuttleworth, VSB # 13330
tshuttleworth@srgslaw.com
Robert E. Ruloff, VSB # 13471
rruloff@srgslaw.com
Charles B. Lustig, VSB # 29442
clustig@srgslaw.com
Andrew M. Hendrick, VSB # 42852
ahendrick@srgslaw.com
Erik C. Porcaro, VSB # 84793
eporcaro@srgslaw.com
SHUTTLEWORTH, RULOFF, SWAIN,
HADDAD & MORECOCK, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452
T: (757) 671-6000
F: (757) 671-6004

| | |
|---|---|
| David Boies, *admitted pro hac vice* | Theodore B. Olson, *admitted pro hac vice* |
| dboies@bsfllp.com | tolson@gibsondunn.com |
| BOIES, SCHILLER & FLEXNER LLP | Matthew D. McGill, *admitted pro hac vice* |
| 333 Main St. | mmcgill@gibsondunn.com |
| Armonk, NY 10504 | Amir C. Tayrani, *admitted pro hac vice* |
| T: (914) 749-8200 | atayrani@gibsondunn.com |
| F: (914) 749-8300 | Chantale Fiebig, *admitted pro hac vice* |
| | cfiebig@gibsondunn.com |
| Robert B. Silver, *admitted pro hac vice* | GIBSON, DUNN & CRUTCHER LLP |
| rsilver@bsfllp.com | 1050 Connecticut Avenue, N.W. |

Joshua I. Schiller, *admitted pro hac vice*
jischiller@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
T: (212) 446-2300
F: (914) 446-2350

William A. Isaacson, *admitted pro hac vice*
wisaacson@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
T: (202)237-2727
F: (202)237-6131

Jeremy M. Goldman, *admitted pro hac vice*
jgoldman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
T: (510) 874-1000
F: (510)874-1460

*Counsel for Plaintiffs*

Washington, D.C. 20036
T: (202) 955-8668
F: (202) 467-0539

Theodore J. Boutrous, Jr., *admitted pro hac vice*
tboutrous@gibsondunn.com
Joshua S. Lipshutz, *admitted pro hac vice*
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520

*Counsel for Plaintiffs*