Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION**

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br>JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, *et al.*, <br><br>    Defendants, <br><br>    and <br><br>MICHÈLE B. MCQUIGG, in her official capacity as Prince William County Clerk of Circuit Court, <br><br>    Proposed Intervenor-Defendant. | Civil Action No. 2:13-cv-395 <br><br> **REPLY IN SUPPORT OF MOTION TO INTERVENE** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I.     Clerk McQuigg Is Entitled to Intervene as of Right Because She Has Significantly Protectable Interests in the Subject Matter of this Action. .................................................. 2

        A.     Clerk McQuigg Has a Significantly Protectable Interest in Her Duties When Issuing Marriage Licenses. .......................................................................... 2

        B.     Clerk McQuigg Has a Significantly Protectable Interest in Obtaining Clarity Concerning Her Duties When Issuing Marriage Licenses ........................ 6

II.    Plaintiffs Do Not Oppose Clerk McQuigg's Request for Permissive Intervention. ........... 8

CONCLUSION .................................................................................................................................. 10

CERTIFICATE OF SERVICE ......................................................................................................... 11

i

**TABLE OF AUTHORITIES**

*Cases*:

*American Association of People with Disabilities v. Herrera*,
    257 F.R.D. 236 (D.N.M. 2008)..................................................................................2

*Bogaert v. Land*,
    No. 1:08-CV-687, 2008 WL 2952006 (W.D. Mich. July 29, 2008)..................................2

*Camreta v. Greene*,
    131 S. Ct. 2020 (2011)..................................................................................6

*Harris v. McDonnell*,
    No. 5:13CV00077, 2013 WL 5720355 (W.D. Va. Oct. 18, 2013).....................................8

*Harris v. Pernsley*,
    820 F.2d 592 (3d Cir. 1987)..........................................................................5

*Planned Parenthood of Idaho, Inc. v. Wasden*,
    376 F.3d 908 (9th Cir. 2004).........................................................................5

*Waste Management Holdings, Inc. v. Gilmore*,
    252 F.3d 316 (4th Cir. 2001).........................................................................5

*Statutes and Constitutional Provisions*:

Va. Code § 20-14 ..................................................................................................1, 3

Va. Code § 20-33 ..................................................................................................4, 7, 9

Va. Code § 32.1-249 ..............................................................................................4

Va. Code § 32.1-252 ..............................................................................................4, 5

Va. Code § 32.1-267 ..............................................................................................4

Va. Const. art. I, § 15-A.........................................................................................3

*Other Authorities*:

Fed. R. Civ. P. 65..................................................................................................7

State Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification, *Harris v. McDonnell*, No. 5:13CV00077 (W.D. Va. Aug. 30, 2013), ECF No. 30 ...................8

## INTRODUCTION

By all accounts, Proposed Intervenor-Defendant, Michèle B. McQuigg, in her official capacity as Prince William County Clerk of Circuit Court, presents a strong case for intervention. Indeed, Defendant Registrar Rainey consents to Clerk McQuigg's intervention, and Defendant Clerk Schaefer does not object. Plaintiffs, for their part, offer an indifferent response, which, as we explain herein, does not remotely undermine Clerk McQuigg's position.

As an initial matter, Clerk McQuigg satisfies the standards for intervention as of right. Notably, Plaintiffs do not contest (and thus implicitly concede) three of the four requirements for intervention as of right. Moreover, their arguments challenging the "significantly protectable interest" requirement cannot be squared with their decision to name Clerk Schaefer as a defendant. Unlike Registrar Rainey or any other state official, Clerks McQuigg and Schaefer are entrusted with the duty to issue marriage licenses. *See* Va. Code § 20-14. Thus, they (not Registrar Rainey) are the officials empowered to provide Plaintiffs (and others on whose behalf they seek relief) with the marriage licenses they request. Because Clerk Schaefer has a substantial interest qualifying him as a proper defendant, Clerk McQuigg likewise has a significantly protectable interest in this litigation.

Alternatively, Clerk McQuigg should be granted permissive intervention. Plaintiffs do not dispute that this Court may permit Clerk McQuigg to intervene permissively. Nor do they oppose this Court's exercising its discretion to grant Clerk McQuigg's request for permissive intervention. Thus, for all the reasons explained in our initial legal memorandum and below, this Court should exercise its discretion and allow Clerk McQuigg to intervene as a defendant in this case.

**ARGUMENT**

I. **Clerk McQuigg Is Entitled to Intervene as of Right Because She Has Significantly Protectable Interests in the Subject Matter of this Action.**

Clerk McQuigg identified as least three significantly protectable interests that she has in this action. First, as Plaintiffs admit about Defendant Clerk Schaefer, Clerk McQuigg "has the duty to issue marriage licenses," along with other marriage-related duties. Pls.' First Am. Compl. ¶ 15 (citing Va. Code § 20-14); *see* McQuigg's Br. at 6-8. Second, she has an interest in obtaining clarity regarding her official marriage-related duties following this Court's ruling. *See* McQuigg's Br. at 8-9. Third, she has an interest in appealing any potentially adverse decision against Virginia's Marriage Laws and ensuring a zealous substantive defense of those laws on appeal. *See* McQuigg's Br. at 9-10. Ignoring this third interest, Plaintiffs argue that the first two interests are not significantly protectable.[1] Yet their attempts to dismiss Clerk McQuigg's interests are unpersuasive.

    A. **Clerk McQuigg Has a Significantly Protectable Interest in Her Duties When Issuing Marriage Licenses.**

Clerk McQuigg's official duty to issue marriage licenses provides a concrete, significant, and undeniable interest in the outcome of this case. Plaintiffs concede that "intervention [i]s appropriate," as it was in *American Association of People with Disabilities v. Herrera*, 257 F.R.D. 236, 256 (D.N.M. 2008), and *Bogaert v. Land*, No. 1:08-CV-687, 2008 WL 2952006, at *2-3 (W.D. Mich. July 29, 2008), when "granting the plaintiffs' requested injunctive relief would" threaten to "change[] the duties the proposed [government] intervenors [are] required to perform under the relevant state law." Pls.' Resp. at 5 n.2; *see also* McQuigg's Br. at 7 (citing *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987), and *Blake v. Pallan*, 554 F.2d 947, 953

---

[1] Although we do not address it in this Reply, Clerk McQuigg's significantly protectable interest in appealing an adverse decision and raising a zealous defense of Virginia's Marriage Laws on appeal additionally supports her intervention. *See* McQuigg's Br. at 9-10.

(9th Cir. 1977)). That is exactly the case here (notwithstanding Plaintiffs' arguments to the contrary). After all, if anyone other than one man and one woman currently asks Clerk McQuigg for a marriage license, she is constitutionally obligated to decline their request, *see* Va. Const. art. I, § 15-A; but if Plaintiffs prevail here, the outcome of this case will threaten to change Clerk McQuigg's duties by requiring her to issue marriage licenses to same-sex couples. It is thus beyond question that Clerk McQuigg has a significantly protectable interest in this litigation.

Resisting this conclusion, Plaintiffs argue that Clerk McQuigg's duty to issue marriage licenses does not afford her a significant interest in this case because when she performs that duty, she is subject to the supervision and control of Registrar Rainey. Pls.' Resp. at 3-4. This argument fails for at least three reasons.

First, Plaintiffs' own action in naming Clerk Schaefer as a defendant devastates their argument. For if Plaintiffs are correct that Clerk McQuigg has no interest in this case because she is subject to the control of Registrar Rainey, then Clerk Schaefer likewise would have no interest because he too is subject to the control of Registrar Rainey. Yet Plaintiffs (appropriately) named Clerk Schaefer as a defendant because he has the authority to provide them with the relief they seek (a marriage license). Plaintiffs cannot have it both ways: Clerk Schaefer cannot be a proper defendant, while Clerk McQuigg lacks a sufficient interest for intervention. On the contrary, because both Clerk Schaefer and Clerk McQuigg are charged with issuing marriage licenses, Clerk Schaefer is a proper defendant, and Clerk McQuigg has a significantly protectable interest in this case.

Second, Plaintiffs are incorrect when they assert that Registrar Rainey supervises and controls Clerk McQuigg in the issuance of marriage licenses. "Every license for a marriage shall be issued by the clerk or deputy clerk of a circuit court of any county or city." Va. Code § 20-14.

No statute authorizes Registrar Rainey to issue marriage licenses or supervise Clerk McQuigg when she issues those licenses. Registrar Rainey, to be sure, has some recordkeeping duties pertaining to marriage records. For example, she "furnish[es]" the marriage forms, Va. Code § 32.1-267(E); and she "[d]irect[s], supervise[s] and control[s] the activities of all persons when pertaining to the operation of the system of vital records." Va. Code § 32.1-252(A)(3). But this supervisory control applies to the receipt, collection, and maintenance of completed marriage records, *see, e.g.*, Va. Code § 32.1-267(A) (requiring marriage records to "be filed with the State Registrar"); it does not apply to Clerk McQuigg's issuance of marriage licenses. Indeed, state law clarifies that the "[s]ystem of vital records" that Registrar Rainey oversees is limited to "the registration, collection, preservation, amendment, and certification of vital records." Va. Code § 32.1-249(9). And "the registration . . . of vital records" does not include issuing marriage licenses, for the term "'registration' means the acceptance [of records] by the Department [of Health]" and does not contemplate the issuance of marriage licenses by Clerk McQuigg. Va. Code § 32.1-249(8). Thus, Registrar Rainey's supervision of the system of vital records does not give her any authority over Clerk McQuigg's issuance of marriage licenses. That duty is entrusted to Clerk McQuigg, a duly elected county official, without oversight by another.[2]

Third, whether Clerk McQuigg is subject to the supervisory control of another official is irrelevant to the question whether her duty to issue marriage licenses affords her a significantly protectable interest in this litigation. A significantly protectable interest exists here, as discussed above and in our initial memorandum, because Clerk McQuigg's "rights and duties" as defined

---

[2] Underscoring that it is Clerk McQuigg (and not Registrar Rainey) who is ultimately responsible for the issuance of marriage license, Virginia law prescribes jail time and a fine for a "clerk of a court" that "issue[s] a marriage license contrary to law." Va. Code § 20-33. It would surely be unfair to visit such punishment upon a clerk of a court if she was simply acting at the behest of Registrar Rainey.

4

by state law "may be affected directly by the disposition of [the] litigation." *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987); *see also* McQuigg's Br. at 7. It matters not whether she is supervised in those duties. If the presence of supervision were sufficient to destroy a government official's substantial interest in a case affecting her duties, then Registrar Rainey arguably lacks such an interest because she is "under the supervision of the [State Health] Commissioner." Va. Code § 32.1-252(A).[3]

Plaintiffs also mention another closely related red herring: whether Clerk McQuigg's duty to issue marriage licenses is "ministerial" rather than "discretionary." Pls.' Resp. at 3. Yet again, no legal authority suggests that a proposed government intervenor seeking to be a defendant lacks a significantly protectable interest simply because her relevant official duties are ministerial. Tellingly, all of Registrar Rainey's marriage-related duties are ministerial as well, so if that is a disqualifying feature, then Registrar Rainey seemingly would not have a significant interest in this case. Similarly, Clerk Schaefer's duties mirror Clerk McQuigg's; thus, if the ministerial nature of those duties negates Clerk McQuigg's interest in the case, it negates Clerk Schaefer's too. Simply put, that the only marriage-related duties performed by the existing defendants are ministerial betrays the emptiness of this argument.

---

[3] Undermining Plaintiffs' argument further, sovereign-immunity jurisprudence confirms that a government official with direct authority to enforce a challenged law has a stronger interest in appearing as a party than that official's supervisor does. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) ("[The] connection between a named [government] officer and enforcement of a challenged state law . . . must be fairly direct; . . . general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." (quotation marks and citation omitted)); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (dismissing a government official who did not have "a specific duty to enforce the challenged statutes").

### B. Clerk McQuigg Has a Significantly Protectable Interest in Obtaining Clarity Concerning Her Duties When Issuing Marriage Licenses.

Clerk McQuigg has demonstrated that following this Court's ruling, unless she intervenes as a party, she faces the prospect of "significant uncertainty and confusion" regarding her duties when issuing marriage licenses. *See* McQuigg's Br. at 8-9. Plaintiffs respond that Clerk McQuigg does not need to be "a named defendant" to "know 'definitively the nature of her marriage-related duties going forward'" because "[w]hen a state statute has been ruled unconstitutional, state actors have an obligation to desist from enforcing that statute." Pls.' Resp. at 4 (quoting McQuigg's Br. at 8). But this argument elides two critical distinctions: (1) that a *district court's* non-precedential opinion on a constitutional question does not bind nonparty government officials, but that an *appellate court's* opinion on a constitutional question does; and (2) that even though a district court's *opinion* on a constitutional question does not bind nonparty government officials, a district court's *injunction* generally binds government officials who are named as parties.

First, a district court's legal opinions construing constitutional principles are not binding precedent on nonparty government officials—not even officials operating within "the same judicial district." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (quotation marks omitted). By contrast, a court-of-appeals decision serves as binding judicial precedent by "settl[ing] constitutional [questions]" for public officials within that court's jurisdiction. *Id.* Thus, while an appellate decision resolving Plaintiffs' claims would settle the constitutionality of Virginia's Marriage Laws and govern all public officials in the State regardless of their party status in this case, this Court's decision would not. And as we have explained in our initial legal memorandum (a point that Plaintiffs do not contest), a real possibility exists that if this Court were to invalidate Virginia's Marriage Laws and deny Clerk McQuigg's intervention, the

6

existing parties would decline to appeal, and thus the Fourth Circuit would not issue a precedential decision on the constitutionality of the challenged laws. *See* McQuigg's Br. at 16. That would leave Clerk McQuigg without clarity regarding her duties when issuing marriage licenses. But even if one (or both) of the existing defendants were to appeal an adverse decision, during the interim period between this Court's decision and the Fourth Circuit's decision, Clerk McQuigg would still face uncertainty about her duties if she were not added as a party. And unless this Court stays any injunction it issues pending appeal, same-sex couples would attempt to obtain marriage licenses during this interim period. So it is critical that Clerk McQuigg know her duties during this period, lest she be forced to risk fines and imprisonment for choosing the wrong course. *See* Va. Code § 20-33.

Second, although a district court's opinion does not bind nonparty public officials as a matter of judicial precedent, its injunction binds the parties referenced in it. *See* Fed. R. Civ. P. 65(d)(2)(A) (noting that a district court injunction "binds . . . the parties"). That is why Clerk McQuigg's status as a party defendant would likely provide her with certainty regarding her duties following any ruling issued by this Court. Absent that, if this Court were to invalidate Virginia's Marriage Laws and attempt to impose the statewide injunction requested by Plaintiffs, Clerk McQuigg would be left to choose between following those laws or a district court decision and injunction that purport to bind her. Intervention would likely position her to avoid this unenviable position.

Insisting that Clerk McQuigg does not need to intervene to obtain post-judgment clarity regarding her duties, Plaintiffs cite irrelevant materials, such as (1) a passing comment by the *Harris v. McDonnell* district court when it declined to stay, dismiss, or transfer that case pursuant to the first-in-time rule and (2) case law that Registrar Rainey quoted in her brief opposing class

7

certification in *Harris*. *See* Pls.' Resp. at 4-5. Not only do the quoted materials address issues unrelated to the question at issue here, they discuss the impact that a federal-court decision (unspecified as to appellate court or district court) would have on *state* officials. *See Harris v. McDonnell*, No. 5:13CV00077, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013) ("a declaratory judgment decision against any one of the *state defendants* would be binding as to all" (emphasis added)); State Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification at 6, *Harris v. McDonnell*, No. 5:13CV00077 (W.D. Va. Aug. 30, 2013), ECF No. 30 (quoting a case discussing "an action seeking declaratory or injunctive relief against *state officials*" (emphasis added)). But Clerk McQuigg is an elected *county* official who issues marriage licenses without supervision from state officials. The quoted material from the *Harris* case thus does not advance Plaintiffs' position.

**II. Plaintiffs Do Not Oppose Clerk McQuigg's Request for Permissive Intervention.**

This Court unquestionably has discretion to grant Clerk McQuigg's request for permissive intervention. *See* McQuigg's Br. at 15-17. Indeed, Plaintiffs do not dispute that this Court may permit Clerk McQuigg to intervene permissively. *See* Pls.' Resp. at 6 ("[T]he Court may have discretion to permit Clerk McQuigg to intervene"). Nor do they oppose this Court's exercising its discretion to grant Clerk McQuigg's request for permissive intervention. *See* Pls.' Resp. at 6 ("Plaintiffs take no position whether the Court should exercise its discretion to [permit Clerk McQuigg to intervene permissively]").

Plaintiffs nevertheless seek to impose unwarranted conditions on Clerk McQuigg's intervention, conditions that this Court should decline to implement. Plaintiffs first insist that this Court should prohibit Clerk McQuigg from filing anything else in this case. Pls.' Resp. at 6. This exceedingly broad request to handcuff Clerk McQuigg's participation in this litigation should be denied. If this Court permits her intervention, Clerk McQuigg affirms that while both of the

8

motions for summary judgment that she joined remain pending, she will not file additional motions or otherwise take steps to delay the prompt resolution of those motions. But if the existing defendants amend or withdraw either of those motions, or if the Court eventually denies the pending motions for summary judgment, Clerk McQuigg must be free to file papers and otherwise participate in this litigation as a party zealously defending her interests. For it would be unfair to permit Clerk McQuigg, through her intervention, to subject herself to this Court's rulings and jurisdiction, but to silence her from defending her interests.

Plaintiffs also claim that Clerk McQuigg should waive her prospective right to file a state-court action that might be necessary to clarify her official duties following this Court's judgment. Pls.' Resp. at 6. Clerk McQuigg believes that if this Court allows her to intervene, her marriage-related duties following this Court's judgment will be clear, and that she will not need to file a state-court action. But even though Clerk McQuigg does not plan to file a state-court lawsuit concerning the effect of this Court's judgment on her duties—indeed, one of the reasons that she seeks to intervene here is to avoid that very contingency, *see* McQuigg's Br. at 16—she cannot waive her right to file a state-court action if doing so is necessary to clarify her legal duties. This is particularly so because if Clerk McQuigg acts improperly when issuing marriage licenses, she is subject to possible fines or imprisonment. *See* Va. Code § 20-33. Under these circumstances, disabling her from seeking clarity (in the event that she needs to seek clarity) would be inequitable.

Plaintiffs additionally maintain that Clerk McQuigg should stipulate to be bound by the Court's judgment. Pls.' Resp. at 6. Assuming that the Court grants her intervention and issues a judgment that binds her, then Clerk McQuigg will be bound by that judgment. But a stipulation to be bound by a future judgment is as unusual as it is unnecessary.

9

## CONCLUSION

For the foregoing reasons, this Court should grant Clerk McQuigg's request to intervene.

Respectfully submitted this the 10th day of January, 2014.

By: _____/s/_____
    M. Casey Mattox, VA Bar No. 47148
    ALLIANCE DEFENDING FREEDOM
    801 G Street N.W., Suite 509
    Washington, D.C. 20001
    Tel: (202) 393-8690
    Fax: (480) 444-0028
    cmattox@alliancedefendingfreedom.org

    *Counsel for Intervenor-Defendant*

Jordan W. Lorence, VA Bar No. 33655
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
*\* Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 10, 2014, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following participants:

David B. Oakley
doakley@poolemahoney.com
Jeffrey F. Brooke, Esq.
Poole Mahoney PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320

*Attorneys for Defendant George E. Schaefer, III*

Thomas B. Shuttleworth
tshuttleworth@srgslaw.com
Robert E. Ruloff
rruloff@srgslaw.com
Charles B. Lustig
clustig@srgslaw.com
Andrew Mitchell Hendrick
ahendrick@srgslaw.com
Erik C. Porcaro
eporcaro@srgslaw.com
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452

Joshua Seth Lipshutz
jlipshutz@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921

Robert Brian Silver
rsilver@bsfllp.com
Joshua I. Schiller
jischiller@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022

Michael H. Brady
mbrady@oag.state.va.us
Catherine Crooks Hill
cchill@oag.state.va.us
Office of the Attorney General
900 E Main St
Richmond, VA 23219

*Attorneys for Defendant Janet M. Rainey*

Chantale Fiebig
cfiebig@gibsondunn.com
Amir C Tayrani
atayrani@gibsondunn.com
Theodore B Olson
tolson@gibsondunn.com
Matthew D McGill
mmcgill@gibsondunn.com
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5306

David Boies
dboies@bsfllp.com
Boies, Schiller & Flexner, LLP
333 Main St.
Armonk, NY 10504

Jeremy Michael Goldman
jgoldman@bsfllp.com
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

11

Theodore J Boutrous, Jr
tboutrous@gibsondunn.com
Gibson, Dunn & Crutcher LLP (CANA)
333 South Grand Ave.
Los Angeles, CA 90071-3197

William Isaacson
wisaacson@bsfllp.com
Boies, Schiller & Flexner
5301 Wisconsin Ave, NW
Washington, DC 20015

*Attorneys for Plaintiffs*

/s/
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*

12