UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY B. BOSTIC, TONY C. LONDON,
CAROL SCHALL, and MARY TOWNLEY,
                Plaintiffs,

v.                                      CASE NO. 2:13-cv-395

JANET M. RAINEY, in her official capacity
as State Registrar of Vital Records, and
GEORGE E. SCHAEFER, III, in his official
capacity as the Clerk of Court for Norfolk
Circuit Court,
                Defendants.

## ORDER

Before this Court is a motion from Proposed Intervenor-Defendant, Michèle B. McQuigg, ("Proposed Intervenor"), appearing in her official capacity as Prince William County Clerk of Circuit Court. Proposed Intervenor seeks to intervene in this action pursuant to Rule 24(a)(2), or alternatively, Rule 24(b) of the Federal Rules of Civil Procedure.

Defendant Janet M. Rainey, State Registrar of Vital Records, has consented to the Motion, and Defendant George E. Schaefer, III, Clerk of the Court for Norfolk Circuit Court, has no objection to the Motion. Plaintiffs Timothy B. Bostic, Tony C. London, Carol Schall, and Mary Townley oppose the Motion in part.

## I. PROCEDURAL BACKGROUND

This action was filed on July 18, 2013. An Amended Complaint was filed on September 3, 2013, and previously filed motions to dismiss and for the Commonwealth of Virginia to intervene were withdrawn by the parties as moot. On September 30, 2013, Plaintiffs filed a motion for summary judgment and a motion for a preliminary injunction. Both Defendants filed

motions for summary judgment on that date as well. Oral argument on these motions will be heard on January 30, 2014.

Before the summary judgment motions were fully briefed, two motions for leave to file amici curiae briefs in support of Defendants' motions were filed. The motions for leave to file the amici curiae briefs were granted on December 3, 2013.

On December 20, 2013, Proposed Intervenor filed her Motion (ECF No. 72). The motion is fully briefed and ripe for consideration. For the following reasons, the motion is **GRANTED IN PART**.

## II. APPLICABLE STANDARDS OF LAW

In order to prevail on a motion to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, Proposed Intervenor must show that (1) the motion to intervene is timely; (2) Proposed Intervenor possesses a "direct and substantial interest" in the subject matter of the litigation; (3) denying intervention would significantly impair or impede the ability of Proposed Intervenor to protect her interests; and (4) Proposed Intervenor's interests are inadequately protected by the existing parties. *In re Richman*, 104 F.3d 654, 658–59 (4th Cir. 1997); *see also Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds sub nom. Devlin v. Scardelletti*, 531 U.S. 1 (2002).

A proposed intervenor "bears the burden of demonstrating to the court a right to intervene," and must prove each element in order for a court to grant intervention as of right. *Richman*, 104 F.3d at 658; *see also United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc.*, 819 F.2d 473, 474 (4th Cir. 1987). The United States Supreme Court construed Rule 24(a)(2) as requiring that a "significantly protectable interest" be at risk. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Similarly, the Fourth Circuit looks to determine

whether a proposed intervenor stands "to gain or lose by the direct legal operation of the district court's judgment" in the action into which intervention is sought. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

Pursuant to Rule 24(b), "the court *may* permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) (emphasis added). This section also provides that "the court *may* permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2) (emphasis added). A court that is determining whether permissive intervention is proper "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. ANALYSIS

Whether Proposed Intervenor has a right to intervene in this action is a close question. The timeliness of the motion – filed after three dispositive motions have been fully briefed and two motions to file amici curiae briefs have been considered and granted – is questionable. Similarly, the existence of a "direct and substantial interest" in the subject matter of the litigation on the part of Proposed Intervenor is arguable, as is whether Proposed Intervenor's ability to protect those possible interests would be in any way significantly impaired. Finally, it is difficult to see how any interests in this action that Proposed Intervenor may have will not be represented fully and adequately protected by the existing parties.

However, in light of Plaintiffs' decision to decline to object to Proposed Intervenor intervening under Federal Rule of Civil Procedure 24(b), this Court need not resolve the challenges as to whether Proposed Intervenor has met the burden of establishing intervention as of right under Rule 24(a). As recognized above, under Rule 24(b), this Court may permit an entity to intervene if the entity has a defense that shares a common question of law or fact with the main action. The Court may also permit a governmental officer to intervene if a defense in the case is based on a statute administered by the officer, or any regulation or requirement issued under the statute.

In the absence of any challenges to the assertion that Proposed Intervenor has a "defense" that shares a common question of law or fact with the main action here, or the assertion that Proposed Intervenor is a government officer and a defense in the action is based upon a statute or regulation being administered by the officer, this Court concludes that the intervention as requested is proper. The Court rejects the conditions on the intervention that Plaintiffs suggest.

After determining that permissive intervention is proper, this Court is compelled to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here, Proposed Intervenor has agreed to take no steps to delay the adjudication of the pending motions. Reply Br. Supp. Mot. Intervene at 8-9, ECF No. 88 ("Clerk McQuigg affirms that while both of the motions for summary judgment that she joined remain pending, she will not file additional motions or otherwise take steps to delay the prompt resolution of those motions."). In light of this assurance, this Court concludes that under the totality of the circumstance presented, *this* intervention, under these qualifications, will not unduly delay or prejudice the adjudication of the original parties' rights. The Court explicitly reserves the discretion and authority to examine any future intervention proposals and to make

independent determinations as to whether such proposals are timely, proper and risk undue delay and prejudice.

By granting this intervention under the qualifications presented by Proposed Intervenor in the Reply brief, the Court **STRIKES** the filings attached to Proposed Intervenor's Motion, which include a proposed motion for summary judgment (ECF No. 72-3). That proposed dispositive motion is presented in direct contradiction to the offer to file no additional motions to avoid undue delay in the adjudication of pending motions.

Moreover, in accordance with the responsibility to prevent undue delay or prejudice, this Court directs that if Proposed Intervenor wishes to present oral argument at the January 30, 2014 hearing, Proposed Intervenor must file a memorandum not exceeding seven pages detailing the aspects of the oral argument that fall outside the scope of the positions of the other Defendants, and the reasons why these aspects are unlikely to be adequately protected by the other parties. This memorandum must be filed no later than close of business on January 22, 2014.

The Court will determine after that time whether Proposed Intervenor will participate in oral argument and, if so, how much time will be allotted for such argument. Plaintiffs are granted leave to file responsive briefing to any oral argument presented by Proposed Intervenor. This briefing shall be filed no later than February 7, 2014.

## IV. CONCLUSION

Proposed Intervenor's Motion to Intervene (ECF No. 72) is **GRANTED IN PART.**

**IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

January 17, 2014
Norfolk, Virginia

5