Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* Admitted Pro Hac Vice

Counsel for Intervenor-Defendant

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, | Civil Action No. 2:13-cv-395 |
| Plaintiffs, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF INTERVENOR-DEFENDANT MICHÈLE B. MCQUIGG** |
| JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, *et al.*, | |
| Defendants, | |
| and | |
| MICHÈLE B. MCQUIGG, in her official capacity as Prince William County Clerk of Circuit Court, | |
| Intervenor-Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Intervenor-Defendant, Michèle B. McQuigg, in her official capacity as Prince William County Clerk of Circuit Court (hereinafter "Intervenor McQuigg"), by counsel, and files her Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Declaratory, Injunctive and Other Relief as follows:

## ANSWER TO COMPLAINT

1.      Plaintiffs cite numerous marriage cases in Paragraph 1.  These cases speak for themselves and require no response.  All remaining allegations of Paragraph 1 are DENIED.

2.      The cases, Va. Const. Art. I, § 15-A, and Va. Code §§ 20-45.2, 20-45-3 (collectively referred to as "Virginia's Marriage Laws") cited by Plaintiffs in Paragraph 2 speak for themselves and require no response.  All remaining allegations of Paragraph 2 are DENIED.

3.      The Virginia marriage statute cited by Plaintiffs speaks for itself and requires no response.  All remaining allegations of paragraph 3 are DENIED.

4.      Intervenor McQuigg DENIES that Plaintiffs are entitled to the relief they request in Paragraph 4.  All remaining allegations are DENIED.

## JURISDICTION AND VENUE

5.      Plaintiffs advance federal constitutional claims, but Intervenor McQuigg DENIES that they are entitled to any of the relief they seek.

6.      Intervenor McQuigg ADMITS that venue is proper in this Court.

7.      Intervenor McQuigg ADMITS that Plaintiffs have brought this suit pursuant to 42 U.S.C. § 1983 and that they seek declaratory and injunctive relief from Virginia's Marriage Laws, but DENIES that Plaintiffs are entitled to any of the relief requested in Paragraph 7.

8.      Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations personal to Plaintiffs in Paragraph 8, and thus the allegations in their entirety

are DENIED.  The legal conclusions advanced by Plaintiffs require no response, but to the extent a response is required they are DENIED in their entirety.

9.      Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations personal to Plaintiffs in Paragraph 9, and thus the allegations in their entirety are DENIED.  The legal conclusions advanced by Plaintiffs require no response, but to the extent a response is required they are DENIED in their entirety.

10.     Intervenor McQuigg ADMITS that Plaintiffs have brought this suit pursuant to 42 U.S.C. § 1983, that they seek declaratory and injunctive relief from Virginia's Marriage Laws, and that they seek to recover attorneys' fees, costs, and expenses, but DENIES that Plaintiffs are entitled to any of the relief whatsoever.

11.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11, and thus the allegations in their entirety are DENIED.

12.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and thus the allegations in their entirety are DENIED.

13.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and thus the allegations in their entirety are DENIED.

14.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14, and thus the allegations in their entirety are DENIED.

15.     The laws applicable to Defendant Schaefer speak for themselves and require no response.  The legal conclusions asserted by Plaintiffs in Paragraph 15 similarly require no response.  Intervenor McQuigg ADMITS that Defendant Schaefer is the Clerk of the Circuit Court for the City of Norfolk.  All other remaining allegations in Paragraph 15 are DENIED.

16.     The laws applicable to Defendant Rainey speak for themselves and require no response.   The legal conclusions asserted by Plaintiffs in Paragraph 16 similarly require no response.   Intervenor McQuigg ADMITS that Defendant Rainey is the State Registrar of Vital Records.   All other remaining allegations in Paragraph 16 are DENIED.

17.     Intervenor McQuigg ADMITS that she, along with those under her supervision, direction, or control, is bound by Virginia law in the performance of her official duties, and states that upon information and belief that Defendants Rainey and Schaefer are also so obligated.   The remaining legal conclusions and the statement of relief asserted by Plaintiffs require no response.   All other allegations are DENIED.

18.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18, and thus the allegations in their entirety are DENIED.

19.     The Virginia Marriage Laws cited by Plaintiffs in Paragraph 19 speak for themselves and require no response.   To the extent Plaintiffs draw legal conclusions from those laws, no response is required.   Similarly, Plaintiffs' assertions based on *United States v. Windsor*, 133 S. Ct. 2675 (2013), are legal conclusions and thus require no response.   All remaining allegations in Paragraph 19 are DENIED.

20.     The Virginia Marriage Laws cited by Plaintiffs in Paragraph 20 speak for themselves and require no response.   All remaining allegations in Paragraph 20 are DENIED.

21.     The conclusions of law proffered by Plaintiffs in Paragraph 21 require no response.   Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations asserted Paragraph 21 regarding federal marital privileges and benefits, and thus those allegations are DENIED.   All remaining allegations are DENIED.

22.     The Virginia Marriage laws cited by Plaintiffs, along with *United States v. Windsor*, speak for themselves and require no response.  To the extent legal conclusions are proffered by Plaintiffs, these too require no response.  Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations asserted in Paragraph 22, and thus those allegations are DENIED.

23.     The Virginia Marriage laws cited by Plaintiffs, along with *United States v. Windsor*, speak for themselves and require no response.  To the extent legal conclusions are proffered by Plaintiffs, these too require no response.  All remaining allegations asserted in Paragraph 23 are DENIED.

24.     The legal conclusions contained in Paragraph 24 require no response, and the Virginia Marriage Laws cited by Plaintiffs speak for themselves.  All remaining allegations in Paragraph 24 are DENIED.

25.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 25, and thus the allegations in their entirety are DENIED.

26.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 26, and thus the allegations in their entirety are DENIED.

27.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations personal to plaintiffs, including the ability of Plaintiffs Bostic and London to marry each other, and thus these allegations are DENIED in their entirety. The legal conclusions asserted by Plaintiffs in Paragraph 27 require no response, but to the extent any response is required, those allegations are DENIED.

28.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28, and thus the allegations in their entirety are DENIED.

29.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29, and thus the allegations in their entirety are DENIED.

30.     The laws referenced by Plaintiffs speak for themselves and require no response. Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 30, and thus the allegations in their entirety are DENIED.

31.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31, and thus the allegations in their entirety are DENIED.

32.     The laws referenced by Plaintiffs speak for themselves and require no response. Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32, and thus the allegations in their entirety are DENIED.

33.     The laws referenced by Plaintiffs speak for themselves and require no response. Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 33, and thus the allegations in their entirety are DENIED.

34.     The legal conclusions asserted by Plaintiffs require no response.  Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 34, and thus the allegations in their entirety are DENIED.

35.     The legal conclusions asserted by Plaintiffs require no response.  Intervenor McQuigg is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 35, and thus the allegations in their entirety are DENIED.  Intervenor McQuigg expressly DENIES that Plaintiffs are entitled to any of the relief they seek.

## COUNT 1
## DUE PROCESS

36.     Intervenor McQuigg incorporates here by reference Paragraphs 1 through 35 as if fully set forth herein.

37.     Intervenor McQuigg DENIES the allegations in Paragraph 37.

38.     Intervenor McQuigg DENIES the allegations in Paragraph 38.

39.     Intervenor McQuigg DENIES the allegations in Paragraph 39.

**COUNT II**
**EQUAL PROTECTION**

40.     Intervenor McQuigg incorporates here by reference Paragraphs 1 through 39 as if fully set forth herein.

41.     Intervenor McQuigg DENIES the allegations in Paragraph 41.

42.     The Virginia Marriage Laws cited by Plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 42 are DENIED.

43.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 43 are DENIED.

44.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 44 are DENIED.

45.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 45 are DENIED.

46.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 46 are DENIED.

47.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 47 are DENIED.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983

48.     Intervenor McQuigg incorporates here by reference Paragraphs 1 through 47 as if fully set forth herein.

49.     The Virginia Marriage Laws cited by plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 49 are DENIED.

## IRREPARABLE INJURY

50.     Intervenor McQuigg incorporates here by reference Paragraphs 1 through 49 as if fully set forth herein.

51.     Intervenor McQuigg is without knowledge or information sufficient to admit or deny the allegations in Paragraph 51 regarding benefit entitlements, and thus those allegations are DENIED.  The Virginia Marriage Laws cited by Plaintiffs speak for themselves, and the legal conclusions asserted by Plaintiffs require no response.  To the extent a response is required, all allegations in Paragraph 51 are DENIED.

52.     Intervenor McQuigg DENIES the allegations in Paragraph 52.

53.     Intervenor McQuigg DENIES that Plaintiffs are entitled to any relief on any asserted theory.

54.     All allegations not expressly admitted are DENIED.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred by the Tenth Amendment.

3.      Intervenor McQuigg is entitled to absolute and qualified immunity.

4.      Some or all Plaintiffs lack standing to assert the claims presented in the Complaint.

5.      Some or all of Plaintiffs' claims are not ripe for judicial determination by this Court.

Wherefore, Intervenor McQuigg, in her official capacity as Clerk of the Court for Prince William County, Virginia, respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice, that she be awarded costs and attorneys' fees in this matter, and that she be awarded such further relief as is deemed necessary and just.

Respectfully submitted this the 20th day of January, 2014.


By: _____/s/_____

    M. Casey Mattox, VA Bar No. 47148
    ALLIANCE DEFENDING FREEDOM
    801 G Street N.W., Suite 509
    Washington, D.C. 20001
    Tel: (202) 393-8690
    Fax: (480) 444-0028
    cmattox@alliancedefendingfreedom.org

    *Counsel for Intervenor-Defendant*

Jordan W. Lorence, VA Bar No. 33655
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2014, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following participants:

David B. Oakley
doakley@poolemahoney.com
Jeffrey F. Brooke, Esq.
Poole Mahoney PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320

*Attorneys for Defendant George E. Schaefer, III*

Thomas B. Shuttleworth
tshuttleworth@srgslaw.com
Robert E. Ruloff
rruloff@srgslaw.com
Charles B. Lustig
clustig@srgslaw.com
Andrew Mitchell Hendrick
ahendrick@srgslaw.com
Erik C. Porcaro
eporcaro@srgslaw.com
Shuttleworth, Ruloff, Swain, Haddad &
Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452

Joshua Seth Lipshutz
jlipshutz@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921

Michael H. Brady
mbrady@oag.state.va.us
Catherine Crooks Hill
cchill@oag.state.va.us
Stuart Raphael
sraphael@oag.state.va.us
Office of the Attorney General
900 E Main St
Richmond, VA 23219

*Attorney for Defendant Janet M. Rainey*

Chantale Fiebig
cfiebig@gibsondunn.com
Amir C Tayrani
atayrani@gibsondunn.com
Theodore B Olson
tolson@gibsondunn.com
Matthew D McGill
mmcgill@gibsondunn.com
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5306

David Boies
dboies@bsfllp.com
Boies, Schiller & Flexner, LLP
333 Main St.
Armonk, NY 10504

Jeremy Michael Goldman
jgoldman@bsfllp.com
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

Robert Brian Silver
rsilver@bsfllp.com
Joshua I. Schiller
jischiller@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Theodore J Boutrous, Jr
tboutrous@gibsondunn.com
Gibson, Dunn & Crutcher LLP (CANA)
333 South Grand Ave.
Los Angeles, CA 90071-3197

William Isaacson
wisaacson@bsfllp.com
Boies, Schiller & Flexner
5301 Wisconsin Ave, NW
Washington, DC 20015

*Attorneys for Plaintiffs*

/s/
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*