Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION**

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, *et al.*,<br><br>      Defendants,<br><br>   and<br><br>MICHÈLE B. MCQUIGG, in her official capacity as Prince William County Clerk of Circuit Court,<br><br>      Intervenor-Defendant. | Civil Action No. 2:13-cv-395<br><br>**INTERVENOR-DEFENDANT MICHÈLE B. MCQUIGG'S RESPONSE TO THE COURT'S JANUARY 17, 2014 ORDER REGARDING POSITION ON SCHEDULED ORAL ARGUMENT** |

In its January 17, 2014 Order granting permissive intervention to Prince William County Clerk of Court Michèle B. McQuigg, this Court directed Intervenor-Defendant McQuigg (Clerk McQuigg) to indicate whether she wished to present oral argument on the pending motions for summary judgment, and if so, to file a memorandum "detailing the aspects of the oral argument that fall outside the scope of the positions of the other Defendants, and the reasons why these aspects are unlikely to be adequately protected by the other parties." ECF No. 91 at 5. As a result of this Court's granting her intervention as a party defendant, and pursuant to Fed. R. Civ. P. 24(c) and the Electronic Case Filing Policies and Procedures Manual of the United States District Court for the Eastern District of Virginia at 39, Clerk McQuigg filed her Answer in this matter on January 20, 2014. ECF No. 92.

The Court also decided to strike "the filings attached to Proposed Intervenor's Motion, which include a proposed motion for summary judgment (ECF No. 72-3)." ECF No. 91 at 5. This Court deemed Clerk McQuigg's Proposed Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 72-3) inconsistent with her "offer to file no additional motions to avoid undue delay in the adjudication of pending motions." ECF No. 91 at 5. Clerk McQuigg did not intend to delay these proceedings, trigger additional briefing, or present any impediments to this Court's resolution of the matter. Instead she meant to state her legal position and protect her interests in the most expeditious manner possible—by joining the Defendants' already-pending Motions for Summary Judgment. Yet even though this Court struck Clerk McQuigg's Proposed Motion for Summary Judgment, this Court has not excluded her from the summary-judgment proceedings, but rather has permitted her intervention and invited her to detail those aspects of oral argument she wishes to present as a participant in

1

the pending Motions for Summary Judgment. Accordingly, Clerk McQuigg hereby states that she wishes to present argument on two issues, one procedural and the other substantive.

As to the procedural issue, Clerk McQuigg wishes to establish on the record that in opposing Plaintiffs' claims she adopts and relies on the arguments in the other Defendants' pending Motions for Summary Judgment and their oppositions to Plaintiffs' submissions (ECF Nos. 38, 44, 40, 41, 57, 58 & 65). This brief step will ensure that Clerk McQuigg, a party defendant who likely will be bound by any adverse ruling from this Court, clearly delineates on the record her legal position on the pending Motions for Summary Judgment. Clerk McQuigg believes that this issue is outside the scope of the positions of the other Defendants, and does not anticipate that these concerns will be adequately addressed at the hearing by any of them.

As to the substantive issue, Clerk McQuigg wishes to present oral argument regarding the proper analytical focus—i.e., the dispositive question—for resolving Plaintiffs' claims. As to this proper focus, Supreme Court precedent makes clear that rational-basis review is satisfied when "the inclusion of one group promotes a legitimate governmental purpose, and the addition of other groups would not." *Johnson v. Robison*, 415 U.S. 361, 383 (1974). The Court has observed that a law may make special provision for a group if its activities "threaten legitimate interests . . . in a way that other [groups' activities] would not." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985). Thus, the relevant inquiry here is not whether retaining marriage as an opposite-sex union is *necessary* to avoid harm to that institution or, as Plaintiffs would have it, whether "allowing same-sex couples the right to marry will . . . impair the institution of marriage." Pls.' MSJ Br. at 26 (ECF No. 26). "Rather, the relevant question is whether an opposite-sex definition of marriage furthers legitimate interests that would not be furthered, or furthered to the same degree, by allowing same-sex couples to marry." *Jackson v.*

*Abercrombie*, 884 F. Supp. 2d 1065, 1107 (D. Haw. 2012); *accord Andersen v. King County*, 138 P.3d 963, 984 (Wash. 2006) (plurality); *Morrison v. Sadler*, 821 N.E.2d 15, 23, 29 (Ind. Ct. App. 2005); *Standhardt v. Superior Court ex rel. Cnty. of Maricopa*, 77 P.3d 451, 463 (Ariz. Ct. App. 2003).

The Constitution does not compel a State to include groups that do not advance a legitimate purpose alongside those that do. This common-sense rule represents an application of the general principle that "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citation and quotation marks omitted). "[W]here a group possesses distinguishing characteristics relevant to interests the State has the authority to implement, a State's decision to act on the basis of those differences does not give rise to a constitutional violation." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 366-67 (2001) (citation and quotation marks omitted).

Applying the proper analytical focus, Virigina's Marriage Laws plainly satisfy rational-basis review. Same-sex relationships cannot naturally produce children, so they do not implicate the State's interest in responsible natural procreation and childrearing in the same way that opposite-sex relationships do. Sexual relationships between men and women, and only those relationships, can produce children—often unintentionally. *See*, *e.g*., Lawrence B. Finer & Mia R. Zolna, *Unintended Pregnancy in the United States: Incidence and Disparities, 2006*, 84 Contraception 478, 481 Table 1 (2011) (finding that nearly half of all pregnancies in the United States, and nearly 70 percent of pregnancies that occur outside marriage, were unintended). It is the procreative capacity of opposite-sex relationships—including the very real threat it can pose to the interests of society and to the welfare of children conceived unintentionally—that the

3

institution of marriage has always sought to address. And there can be no doubt that providing recognition and support to opposite-sex couples through the institution of marriage generally makes those potentially procreative relationships more stable and enduring and thus promotes society's interest in responsible procreation. *See, e.g.*, Elizabeth Wildsmith et al., *Childbearing Outside of Marriage: Estimates and Trends in the United States*, Child Trends Research Brief 5 (Nov. 2011); Wendy D. Manning et al., *The Relative Stability of Cohabiting and Marital Unions for Children*, 23 Population Research & Pol'y Rev. 135, 136 (2004).

Sexual relationships between individuals of the same sex, by contrast, cannot create children as a natural byproduct of their sexual relationship; they bring children into their relationship only through intentional choice and action. Same-sex couples thus neither advance nor threaten society's interest in responsible natural procreation in the same manner, or to the same degree, that sexual relationships between men and women do. Under *Johnson* and *Cleburne*, that is the end of the analysis. Virginia's Marriage Laws withstand constitutional review.

In sum, it is plainly reasonable for Virginia to maintain a unique institution to address the unique challenges posed by the unique procreative potential of sexual relationships between men and women. *See, e.g.*, *Vance v. Bradley*, 440 U.S. 93, 109 (1979) (the law may "dr[aw] a line around those groups . . . thought most generally pertinent to its objective"); *Johnson*, 415 U.S. at 378 (a classification will be upheld if "characteristics peculiar to only one group rationally explain the statute's different treatment of the two groups"). Indeed, the "commonsense distinction," *Heller v. Doe*, 509 U.S. 312, 326 (1993), that Virginia law has always drawn between same-sex couples and opposite-sex couples "is neither surprising nor troublesome from a constitutional perspective." *Nguyen v. I.N.S.*, 533 U.S. 53, 63 (2001).

4

That is why a "host of judicial decisions" have concluded that "the many laws defining marriage as the union of one man and one woman and extending a variety of benefits to married couples are rationally related to the government interest in 'steering procreation into marriage.'" *Citizens for Equal Prot. v. Bruning*, 455 F.3d 859, 867-68 (8th Cir. 2006); *see, e.g.*, *Jackson*, 884 F. Supp. 2d at 1112-14; *In re Marriage of J.B. & H.B.*, 326 S.W.3d 654, 677-78 (Tex. Ct. App. 2010); *Hernandez v. Robles*, 855 N.E.2d 1, 7-8 (N.Y. 2006); *Conaway v. Deane*, 932 A.2d 571, 630-34 (Md. 2007); *Andersen*, 138 P.3d at 982-85 (plurality opinion); *Morrison*, 821 N.E.2d at 23-31; *Standhardt*, 77 P.3d at 461-64; *Singer v. Hara*, 522 P.2d 1187, 1197 (Wash. Ct. App. 1974); *Baker v. Nelson*, 191 N.W.2d 185, 186-87 (Minn. 1971); *Adams v. Howerton*, 486 F. Supp. 1119, 1124-25 (C.D. Cal. 1980). Given the compelling logic supporting these precedents, this Court should find Virginia's Marriage Laws constitutional as well.

Clerk McQuigg does not believe that the already-filed briefing establishes the dispositive nature of the above-explained analysis, and does not anticipate that the other Defendants will apprise the Court that this analysis is outcome-determinative. Clerk McQuigg thus believes that this matter is both outside the scope of the positions taken by the other Defendants and is not likely to be adequately protected by them.

## CONCLUSION

In light of the foregoing, Clerk McQuigg respectfully requests that this Court **GRANT** Defendants' pending Motions for Summary Judgment, **DENY** Plaintiffs' pending Motion for Summary Judgment, and **DISMISS** Plaintiffs' First Amended Complaint with prejudice.

Respectfully submitted this the 22nd day of January, 2014.

By: /s/

M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*

Jordan W. Lorence, VA Bar No. 33655
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2014, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following participants:

David B. Oakley
doakley@poolemahoney.com
Jeffrey F. Brooke, Esq.
Poole Mahoney PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320

*Attorneys for Defendant George E. Schaefer, III*

Michael H. Brady
mbrady@oag.state.va.us
Catherine Crooks Hill
cchill@oag.state.va.us
Stuart Raphael
sraphael@oag.state.va.us
Office of the Attorney General
900 E Main St
Richmond, VA 23219

*Attorney for Defendant Janet M. Rainey*

Thomas B. Shuttleworth
tshuttleworth@srgslaw.com
Robert E. Ruloff
rruloff@srgslaw.com
Charles B. Lustig
clustig@srgslaw.com
Andrew Mitchell Hendrick
ahendrick@srgslaw.com
Erik C. Porcaro
eporcaro@srgslaw.com
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452

Joshua Seth Lipshutz
jlipshutz@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921

Chantale Fiebig
cfiebig@gibsondunn.com
Amir C Tayrani
atayrani@gibsondunn.com
Theodore B Olson
tolson@gibsondunn.com
Matthew D McGill
mmcgill@gibsondunn.com
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5306

David Boies
dboies@bsfllp.com
Boies, Schiller & Flexner, LLP
333 Main St.
Armonk, NY 10504

Jeremy Michael Goldman
jgoldman@bsfllp.com
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

Robert Brian Silver
rsilver@bsfllp.com
Joshua I. Schiller
jischiller@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022

Theodore J Boutrous, Jr
tboutrous@gibsondunn.com
Gibson, Dunn & Crutcher LLP (CANA)
333 South Grand Ave.
Los Angeles, CA 90071-3197

William Isaacson
wisaacson@bsfllp.com
Boies, Schiller & Flexner
5301 Wisconsin Ave, NW
Washington, DC 20015

*Attorneys for Plaintiffs*

                                            /s/
                              M. Casey Mattox, VA Bar No. 47148
                              ALLIANCE DEFENDING FREEDOM
                              801 G Street N.W., Suite 509
                              Washington, D.C. 20001
                              Tel: (202) 393-8690
                              Fax: (480) 444-0028
                              cmattox@alliancedefendingfreedom.org

                              *Counsel for Intervenor-Defendant*