IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY B. BOSTIC, *et al.*,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 2:13-cv-00395
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JANET M. RAINEY and⠀⠀⠀⠀⠀⠀)
GEORGE E. SCHAEFER, III,⠀⠀⠀⠀)
in their official capacities,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)

## <u>AMENDED ANSWER OF JANET M. RAINEY</u>

Defendant Janet M. Rainey, by counsel, in her official capacity, and in accordance with

Fed. R. Civ. P. 8(b) and Fed. R. Civ. P. 15(a)(2), having obtained written consent from counsel

for Plaintiffs to file this Amended Answer, answers the allegations in the Amended Complaint in

the numbered paragraphs below, corresponding to the numbers in the Amended Complaint.

## INTRODUCTION

1.⠀⠀⠀Defendant admits that entry into the civil institution of marriage is a fundamental

right protected by the federal Constitution, including the Fourteenth Amendment.

2.⠀⠀⠀Defendant admits that current Virginia law, specifically Article I, § 15-A of the

Virginia Constitution, Virginia Code § 20-45.2 and Virginia Code § 20-45.3, does not permit

persons of the same sex to marry or enter into other recognized civil unions.

3.⠀⠀⠀Defendant admits that current Virginia law does not recognize out-of-state, same-

sex civil marriages.

4.⠀⠀⠀Defendant admits that the Plaintiffs seek the specified relief requested and that

current Virginia law, constitutional and statutory, improperly denies same-sex couples access to

the institution of civil marriage, a fundamental right, without legal justification, and therefore

violates the federal constitutional guarantees of due process of law and the equal protection of the laws.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

## NATURE OF DISPUTE

7.    Defendant admits that this action is brought pursuant to 42 U.S.C. § 1983 and that it seeks declaratory as well as preliminary and permanent injunctive relief against enforcement of Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia Constitution to vindicate same-sex couples' fundamental right to civil marriage.

8.    Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Bostic and London.  Defendant admits that current Virginia law denies to same-sex couples civil marital recognition, in violation of the Fourteenth Amendment to the U.S. Constitution.

9.    Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley.  Defendant admits that current Virginia law precludes recognition of Plaintiffs' California civil marriage, in violation of the Fourteenth Amendment to the U.S. Constitution.

10.    Defendant admits that the Plaintiffs seek the specified relief requested.

## THE PARTIES

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiff Bostic.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiff London.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiff Schall.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiff Townley.

15.     The laws applicable to Defendant George E. Schaefer, III, in his official capacity as the Clerk of the Circuit Court for the City of Norfolk speak for themselves.  The allegations with respect to his status as a defendant under 42 U.S.C. § 1983 and whether he is a proper *Ex parte Young* defendant are legal conclusions that require no response.

16.     The laws applicable to Defendant Janet M. Rainey in her official capacity as the State Registrar of Vital Records speak for themselves.  Defendant Rainey admits that she is a proper official capacity defendant for this suit challenging Virginia's marriage laws under 42 U.S.C. § 1983.

17.     Defendant admits that she, her agents and other Virginia officials enforce Article I, § 15-A of the Virginia Constitution, Virginia Code § 20-45.2 and Virginia Code § 20-45.3 and that Plaintiffs bring this action to have those laws declared unconstitutional and continued enforcement by Defendant Rainey and her agents enjoined.

18.     Defendant admits that a history exists of invidious discrimination against gay and lesbian individuals.

19.     Defendant admits that Virginia Code § 20-45.2 was adopted in 1975, that "[i]n November 2006, a majority of Virginia voters ratified" Article I, § 15-A, that these enactments codified, and then constitutionalized, a definition of marriage that prevents same-sex couples from having their relationships recognized by the Commonwealth, which thereby denies gays and lesbians the fundamental right to marry, and that their effect is to deny those relationships the privileged legal status and social standing accorded opposite-sex relationships. The Supreme Court's decision in *United States v. Windsor*, 133 S. Ct. 2675 (2013), speaks for itself.

20.     Admitted.

21.     Defendant admits that Virginia's definition of marriage affects the availability of certain federal benefits and, by not permitting same-sex couples to marry, results in those benefits not being available to them under current federal law.

22.     Defendant admits that Virginia law denies same-sex couples the legal affirmation, recognition, and protection that it extends opposite-sex couples, as well as the resulting social affirmation of their relationships. The Supreme Court's decision in *Windsor* speaks for itself.

23.     Defendant admits that Virginia law does not recognize same-sex marriages entered into in other States, denying same-sex couples who were married outside Virginia the legal affirmation, recognition, and protection extended to opposite-sex couples, as well as denying them the resulting social affirmation of their relationships. The decision in *Windsor* speaks for itself.

24.     Defendant admits that the Virginia laws in question unconstitutionally discriminate against same-sex couples. The decisions in *Windsor* and *Romer v. Evans*, 517 U.S. 620, 635 (1996), speak for themselves.

4

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Bostic and London.

26.     Defendant Rainey lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Bostic and London, but does not contest that these facts, if true, suffice to establish Plaintiffs Bostic and London's standing to challenge Virginia's same-sex-marriage ban.

27.     Defendant admits that, under current Virginia law, same-sex couples may not enter civil marriage and are denied a fundamental right enjoyed by opposite-sex couples. Defendant Rainey lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Bostic and London.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley, but does not contest that these facts, if true, suffice to establish Plaintiffs Schall and Townley's standing to challenge Virginia's same-sex-marriage ban.

30.     Defendant admits that Virginia law does not permit a parent to co-adopt a child with someone who is not the parent's spouse, thus preventing same-sex couples in Virginia from adopting.  Defendant Rainey lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley, but does not contest that these facts, if true, suffice to establish Plaintiffs Schall and Townley's standing to challenge Virginia's same-sex-marriage ban.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley, but does not contest that these facts, if true, suffice to establish Plaintiffs Schall and Townley's standing to challenge Virginia's same-sex-marriage ban.

32.     Defendant admits that Virginia law denies marriage licenses to same-sex couples and does not permit two persons of the same sex to be recognized on birth certificates as parents. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley, but does not contest that these facts, if true, suffice to establish Plaintiffs Schall and Townley's standing to challenge Virginia's same-sex-marriage ban.

33.     Defendant admits that Virginia's current definition of civil marriage affects entitlement to certain state and federal rights and benefits and, by not permitting same-sex couples to marry, results in their not enjoying those rights and benefits under current Virginia and federal law.  Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs Schall and Townley, but does not contest that these facts, if true, suffice to establish Plaintiffs Schall and Townley's standing to challenge Virginia's same-sex-marriage ban.

34.     Defendant admits that current Virginia law denies Plaintiffs the right to enter civil marriage in violation of the Fourteenth Amendment to the U.S. Constitution.  Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs.

35.     Defendant admits that she and her agents, acting in their official capacities as Virginia officers, will continue faithfully to enforce the challenged state statutes and

constitutional provision unless and until declared unconstitutional by the judicial branch.
Defendant also admits that such a declaration would require a revision of Virginia law, but lacks
knowledge or information sufficient to form a belief about the truth of allegations personal to
Plaintiffs.

## CLAIMS FOR RELIEF
### COUNT I:
### DUE PROCESS

36.     Defendant restates her responses to paragraphs 1 through 35.

37.     Defendant admits that Virginia's denial of marital rights to same-sex couples
violates the Fourteenth Amendment's guarantee of due process of law.  Defendant Rainey lacks
knowledge or information sufficient to form a belief about the truth of allegations personal to
Plaintiffs.

38.     Defendant admits that Virginia's laws denying marital rights to same-sex couples,
including Virginia Code §§ 20-45.2 and 20-45.3 and Article I, § 15-A of the Virginia
Constitution, impinge upon fundamental liberties.  Defendant lacks knowledge or information
sufficient to form a belief about the truth of allegations personal to Plaintiffs.

39.     Admitted.

### COUNT II:
### EQUAL PROTECTION

40.     Defendant restates her responses to paragraphs 1 through 39.

41.     Defendant admits that Virginia's denial of marital rights to same-sex couples
violates the Fourteenth Amendment's guarantee of equal protection of the laws.  Defendant lacks
knowledge or information sufficient to form a belief about the truth of allegations personal to
Plaintiffs.

42.     Admitted.

43.     Admitted.

44.     Defendant admits that a history exists of invidious discrimination against gay men and lesbians.  Defendant further admits that by denying same-sex couples the right to civil marriage enjoyed by opposite-sex couples, current Virginia law denies same-sex couples access to civil marriage and prevents them from enjoying equal rights under the law.  The Supreme Court's decision in *Windsor* speaks for itself.

45.     Admitted.

46.     Admitted.

47.     Admitted.

<div align="center">

**COUNT III:**
**VIOLATION OF 42 U.S.C. § 1983**

</div>

48.     Defendant restates her responses to paragraphs 1 through 47.

49.     Defendant admits that she and her agents, acting in their official capacities as Virginia officers, will continue faithfully to enforce the challenged state laws and constitutional provision unless and until they are declared unconstitutional by the judicial branch.  Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs.

<div align="center">

**IRREPARABLE INJURY**

</div>

50.     Defendant restates her responses to paragraphs 1 through 49.

51.     Defendant admits that current Virginia law denies marital status to same-sex couples, a status that secures various state and federal benefits, and that she and her agents will continue faithfully to enforce the challenged state laws and constitutional provision unless and until it is declared unconstitutional by the judicial branch.  Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs, but

does not contest that these facts, if true, suffice to establish those Plaintiffs' standing to challenge

Virginia's same-sex-marriage ban.

52.    Admitted.

53.    All allegations not expressly admitted are denied.

Respectfully submitted,

JANET M. RAINEY,
in her official capacity

By:    _____/s/_____
Stuart A. Raphael, VSB #30380
Solicitor General of Virginia
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

H. Lane Kneedler, VSB #007722
Senior Counsel

Rhodes B. Ritenour, VSB #71406
Deputy Attorney General
E-mail:  rritenour@oag.state.va.us

Allyson K. Tysinger, VSB #41982
Senior Assistant Attorney General
E-mail:  atysinger@oag.state.va.us


Catherine Crooks Hill, VSB #43505
Senior Assistant Attorney General
E-mail:  cchill@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to counsel of record.

/s/
Stuart A. Raphael