Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION**

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, *et al.*, <br><br> Defendants, <br><br> and <br><br> MICHÈLE B. MCQUIGG, in her official capacity as Prince William County Clerk of Circuit Court, <br><br> Intervenor-Defendant. | Civil Action No. 2:13-cv-395 <br><br> **CLERK MICHÈLE B. MCQUIGG'S STATUS REPORT** |

On January 23, 2014, in light of the Virginia Attorney General's Notice of Change in Legal Position (ECF No. 96), this Court requested a status report from each party addressing "(1) whether oral argument on the issues presented remains warranted, or whether the Court should instead rule promptly on the briefs without a hearing; (2) if oral argument is desired by a party or Intervenor, the requested scope and duration of that party's argument (with the understanding that duplicative or cumulative arguments are strongly discouraged); and (3) whether, in light of the change of position by the Attorney General, any parties or other entities have grounds to present argument that the laws denying the right to marry to same-sex couples should be construed as constitutional." ECF No. 99. Intervenor-Defendant Michèle B. McQuigg ("Clerk McQuigg"), in her official capacity as Prince William County Clerk of Circuit Court, **HEREBY RESPONDS** to the Court's request as follows:

1.     Clerk McQuigg requests an order from this Court declaring that she has adopted as her own the Motion for Summary Judgment originally filed by the office of the former Attorney General on behalf of Defendant Rainey, and all briefing supporting that motion and opposing Plaintiffs' Motion for Summary Judgment (ECF Nos. 38, 39, 44, 57, 65). If this request is granted, the pending Motions for Summary Judgment that the Court has indicated it has taken under advisement would include the entire course of briefing filed by the office of the former Attorney General on behalf of Defendant Rainey, but would now be treated as the motion and briefing of Clerk McQuigg. If the Court declines this request, Clerk McQuigg asks that she be permitted to file her own Motion for Summary Judgment, memorandum in support of that motion, memorandum in opposition to Plaintiffs' Motion for Summary Judgment, and, if necessary, reply memorandum responding to any opposition that might be filed to Clerk McQuigg's Motion for Summary Judgment.

Furthermore, Clerk McQuigg has been granted just five pages and one-and-a-half business days to respond to Defendant Rainey's 25-page Memorandum in Support of Change in Legal Position, even though the governing rules permit a 30-page filing and 11 days (plus 3 additional days) to respond to a motion (*see* L.R. 7(F)(1)&(3) and Fed. R. Civ. P. 6(d)). If the Court allows Clerk McQuigg to adopt as her own the Motion for Summary Judgment and all relevant briefing filed by the office of the former Attorney General on behalf of Defendant Rainey (ECF Nos. 38, 39, 44, 57, 65), she believes that the arguments in that briefing—when coupled with the substantive argument outlined in her January 22, 2014 filing (ECF No. 94) and the five-page response that Clerk McQuigg has been permitted to file—will forcefully refute the arguments raised by the Attorney General in his January 23, 2014 Memorandum. But if this Court does not permit Clerk McQuigg to adopt as her own the Motion for Summary Judgment and all relevant briefing filed by the office of the former Attorney General on behalf of Defendant Rainey (ECF Nos. 38, 39, 44, 57, 65), Clerk McQuigg respectfully requests that she have the full page allotment permitted under the Local Rules (30 pages) to respond to Defendant Rainey's Memorandum in Support of Change in Legal Position, and that she be given until February 6, 2014, to file her response. This would necessitate a modest delay of the scheduled hearing, should the Court deem oral argument profitable to its resolution of the pending motions. But given the equities of the situation and the potential prejudice to Clerk McQuigg, such a delay would be consistent with the governing rules and the Attorney General's vow to "work to ensure that both sides of the issue are *responsibly and vigorously briefed* and argued to facilitate a decision on the merits, consistent with the rule of law." ECF No. 96 at 1 (emphasis added).

As to the advisability of oral argument, the original filings on behalf of Defendant Rainey, which Clerk McQuigg asks to adopt as her own, along with the amicus briefs filed in

support of Defendants' Motions for Summary Judgments (ECF Nos. 62-1 & 64-1), amply explain why Virginia's Marriage Laws are constitutional. Clerk McQuigg does not therefore believe that it is imperative that the Court hold oral argument, but she stands ready to provide oral argument should the Court deem it profitable to its resolution of the instant matter. Yet if the Court does not believe it would benefit from oral argument, Clerk McQuigg has no objection to the resolution of this matter on the briefs without a hearing.

2.  If the Court determines that oral argument would be beneficial to its resolution of the pending motions, Clerk McQuigg will address all the major topics raised in the briefing filed by the office of the former Attorney General on behalf of Defendant Rainey (briefing that Clerk McQuigg asks to adopt as her own) (ECF Nos. 38, 39, 44, 57, 65), the substantive issues raised in Clerk McQuigg's January 22, 2014 filing (ECF No. 94), and the arguments that will be raised in Clerk McQuigg's Response to Defendant Rainey's Memorandum in Support of Change in Legal Position. Clerk McQuigg anticipates that the duration of that argument, depending on the number of questions from the bench, would be approximately 30 minutes.

3.  As to whether any party has grounds to present argument that Virginia's Marriage Laws are constitutional, Clerk McQuigg answers resoundingly in the affirmative. Defendant Rainey's Memorandum in Support of Change in Legal Position does not change the fact that Virginia's Marriage Laws remain constitutional, for all the reasons explained in the substantive filings of the office of the former Attorney General on behalf of Defendant Rainey (which Clerk McQuigg asks to adopt as her own), in the amicus briefs filed in support of Defendant Rainey's original Motion for Summary Judgment, in Clerk McQuigg's January 22, 2014 filing, and in Clerk McQuigg's forthcoming response to Defendant Rainey's Memorandum in Support of Change in Legal Position.

In closing, if this Court ultimately disagrees with Clerk McQuigg's legal position, grants Plaintiffs' Motion for Summary Judgment, and enters an injunction prohibiting the enforcement of Virginia's Marriage Laws, Clerk McQuigg respectfully requests that this Court follow the recent guidance from the Supreme Court and stay that injunction pending the final disposition of any appeal in this case. *See* Order, *Herbert v. Kitchen*, No. 13A687 (U.S. Jan. 6, 2014) (staying an injunction prohibiting the enforcement of Utah's marriage laws pending final disposition of the appeal); *see also Bishop v. United States ex rel. Holder*, No. 04-CV-848-TCK-TLW, 2014 WL 116013, at *33 (N.D. Okla. Jan. 14, 2014) ("In accordance with the U.S. Supreme Court's issuance of a stay in a nearly identical case on appeal from the District Court of Utah to the Tenth Circuit Court of Appeals, *see Herbert v. Kitchen,* U.S. Supreme Court Order in Pending Case 13A687 (Jan. 6, 2014), the Court stays execution of this injunction pending the final disposition of any appeal to the Tenth Circuit Court of Appeals.").

Respectfully submitted this the 24th day of January, 2014.

By: /s/
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*

Jordan W. Lorence, VA Bar No. 33655
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*

*Counsel for Intervenor-Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2014, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following participants:

David B. Oakley
doakley@poolemahoney.com
Jeffrey F. Brooke, Esq.
Poole Mahoney PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320

*Attorneys for Defendant George E. Schaefer, III*

Thomas B. Shuttleworth
tshuttleworth@srgslaw.com
Robert E. Ruloff
rruloff@srgslaw.com
Charles B. Lustig
clustig@srgslaw.com
Andrew Mitchell Hendrick
ahendrick@srgslaw.com
Erik C. Porcaro
eporcaro@srgslaw.com
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452

Joshua Seth Lipshutz
jlipshutz@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921

Michael H. Brady
mbrady@oag.state.va.us
Catherine Crooks Hill
cchill@oag.state.va.us
Stuart Raphael
sraphael@oag.state.va.us
Office of the Attorney General
900 E Main St
Richmond, VA 23219

*Attorney for Defendant Janet M. Rainey*

Chantale Fiebig
cfiebig@gibsondunn.com
Amir C Tayrani
atayrani@gibsondunn.com
Theodore B Olson
tolson@gibsondunn.com
Matthew D McGill
mmcgill@gibsondunn.com
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5306

David Boies
dboies@bsfllp.com
Boies, Schiller & Flexner, LLP
333 Main St.
Armonk, NY 10504

Jeremy Michael Goldman
jgoldman@bsfllp.com
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

Robert Brian Silver
rsilver@bsfllp.com
Joshua I. Schiller
jischiller@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022

Theodore J Boutrous, Jr
tboutrous@gibsondunn.com
Gibson, Dunn & Crutcher LLP (CANA)
333 South Grand Ave.
Los Angeles, CA 90071-3197

William Isaacson
wisaacson@bsfllp.com
Boies, Schiller & Flexner
5301 Wisconsin Ave, NW
Washington, DC 20015

*Attorneys for Plaintiffs*

                                                /s/
                          M. Casey Mattox, VA Bar No. 47148
                          ALLIANCE DEFENDING FREEDOM
                          801 G Street N.W., Suite 509
                          Washington, D.C. 20001
                          Tel: (202) 393-8690
                          Fax: (480) 444-0028
                          cmattox@alliancedefendingfreedom.org

                          *Counsel for Intervenor-Defendant*