UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
-NORFOLK DIVISION-

TIMOTHY B. BOSTIC, et al.

        Plaintiffs,

v.                                      Case No.: 2:13cv395

JANET M. RAINEY, et al.

        Defendants.

**BRIEF IN RESPONSE TO NOTICE OF CHANGE IN
LEGAL POSITION BY DEFENDAT JANET M. RAINEY**

NOW COMES Defendant George E. Schaefer, III, in his official capacity as Clerk of Court for Norfolk Circuit Court ("Clerk Schaefer"), by counsel, and files this Brief in Response to the Notice of Change in Legal Position by Defendant Janet M. Rainey (NEF Doc. 96) requested by the Court (NEF Doc. 99), as follows:

Ms. Rainey as an officer of the Commonwealth is being represented by the Office of the Attorney General and the Solicitor General. Due to a change in political officers brought about by the most recent general election, her legal team has decided to cease defending the constitutionality of the marriage laws at issue in this case. Indeed, Ms. Rainey has now submitted a memorandum which actively argues in favor of striking down these marriage laws. The substantive arguments raised in her memorandum mirror several of the arguments previously asserted by Plaintiffs. The only new argument raised by Ms. Rainey is the justification for the change in position by the Attorney General.

Interestingly, although Ms. Rainey has announced her change in position, she has not withdrawn her arguments set forth in the briefs filed by her former counsel. Rather, Mrs. Rainey

1

has consented to the continued consideration of those arguments by the Court. "This Court, moreover, also has the benefit of the previous briefing by the Solicitor General." (NEF Doc. 96-1 at 8.) "Attorney General [Herring] has no objection to this Court's considering the arguments raised by prior government counsel in support of Virginia's same-sex marriage ban." (NEF Doc. 110 at l.) Clerk McQuigg has notified the Court she intends to adopt and continue arguing the positions set forth in Ms. Rainey's original motion for summary judgment and briefs. (NEF Doc. 109 at 2.) As evidenced by the conflicting decisions from courts around the nation in the recent past, the issues raised in this case have not been finally decided on the merits and remain open for debate until there is a final, binding decision by the judiciary.

As previously noted, Clerk Schaefer does not have the power or authority to decide which laws he wants to enforce. Even if he believed a law was unconstitutional, he must continue enforcement. See Va. Const. Art. I § 7 ("That all power of suspending laws, or the execution of laws, by any authority, without consent of the representatives of the people, is injurious to their rights, and ought not to be exercised"). Clerk Schaefer is not bound by the legal positions of the Attorney General, and he is "beholden neither to local governing bodies, nor to the Commonwealth, but rather only to the voters who elected [him]." United States v. Gregory, No. 93-1391, 1994 U.S. App. LEXIS 14443 at * 12 (4th Cir. Va. June 8, 1994). Thus, Clerk Schaefer intends to continue defending the constitutionality of these laws until they are changed by the legislature or a binding court decision declares them unconstitutional.

Regarding Ms. Rainey's new legal positions, they simply mirror many of the arguments already set forth by Plaintiffs. All such arguments have been fully addressed in Clerk Schaefer's briefs, Ms. Rainey's prior briefs, and the *amicus curiae* briefs. Ms. Rainey now argues 1) Virginia's ban on same sex marriage should be subject to strict constitutional scrutiny because

"marriage" to a person's individual of choice, regardless of the gender of the other person, is a fundamental right, 2) Baker v. Nelson is no longer binding precedent, 3) Virginia's ban on same sex marriage fails under rational basis review, and 4) the concept of Federalism is trumped by notions of Equal Protection and Due Process under the Fourteenth Amendment. These arguments were addressed in Defendants' prior briefs and summarized here again as follows:

**I.     Strict constitutional scrutiny does not apply to Virginia's ban on same sex marriage.**

There is no binding authority indicating Virginia's ban on same sex marriage should be reviewed under strict scrutiny. Same sex marriage is not a traditionally recognized fundamental right. As noted in Ms. Rainey's extensive history of marriage (NEF Doc. 44 at1-15.), marriage in Virginia has always been between a one man and one woman. It has only been in recent years that any government has formally recognized a same sex marriage. The fundamental idea of marriage in our society has always been between a husband and a wife, i.e. a man and a woman. Plaintiffs argue that Loving v. Virginia is controlling and creates a fundamental right for a person to marry any other individual they desire regardless of gender. However, Loving falls far short of such a proposition. Even in Loving, the Court was only considering the idea of choosing a spouse in marriage *of the opposite sex*.

**II.     Baker v. Nelson remains controlling authority.**

Ms. Rainey now argues Baker v. Nelson, which was decided on essentially identical facts, is no longer binding law due to recent doctrinal developments. The litany of cases cited by Clerk Schaefer and Ms. Rainey in in their initial summary judgment briefs clearly show other district and circuit courts from around the country have continued to follow Baker even after Romer v. Evans, 517 U.S. 620 (1996) and Lawrence v. Texas, 539 U.S. 558 (2003). (See NEF Doc. 41 at 9; NEF Doc. 44 at 17-19.) Moreover, the recent case of United States v. Windsor,

133 S. Ct. 2675 (2013), does not change the applicability of Baker v. Nelson. In Windsor, the Supreme Court was provided the opportunity to reverse, modify or explain Baker, but it chose not to do so. The narrow holding in Windsor did not alter Baker.

### III.     Virginia's prohibition on same sex marriages survives rational basis review.

Laws that do not affect a fundamental right or suspect class are presumed constitutional unless they fail rational basis review, the lowest level of constitutional scrutiny:

> As a general rule, legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. Accordingly, this Court's cases are clear that, unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest.

Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); see also Powers v. Harris, 379 F.3d 1208, 1215 (10th Cir. 2004) (applying rational basis review to both Equal Protection and Due Process claims). The Plaintiffs have the burden of disproving every conceivable legitimate purpose or that the law is not rationally related to it. Fcc v. Beach Communications, 508 U.S. 307, 315 (1993). Under this deferential standard there only needs to be some sort of reason-based argument which could have been the basis for the law, not one that the Court even needs to think is a very good argument, just one that a rational person could support with some reasoning. Id. at 315. ("a legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data.") Few laws fail under this deferential level of scrutiny. As argued in the Defendants' prior briefs, Virginia's same sex marriage prohibition passes rational basis review. Plaintiffs' personal offense to these laws and the reasoning behind them does not make them unconstitutional.

### IV.     Windsor confirms the existence of Federalism.

The often repeated mantra in <u>Winsdor</u> was that the states have the right to define marriage, as long as it is otherwise constitutional. The caveat that any such definition must remain constitutional did not trump the concept of Federalism, as argued by Ms. Rainey's new counsel. Rather, it was a necessary statement to ensure cases like <u>Loving v. Virginia</u> were not modified or overruled. The Supreme Court had the opportunity to declare bans on same sex marriage by the states were unconstitutional under the Fourteenth Amendment, but they chose not to do so. Instead, they continued to leave such an option open to the states. It is a divisive issue, but <u>Windsor</u> confirms it is one properly left to the states where each state's legislature and voters can decide this political hot-button issue.

## CONCLUSION

For the reasons stated herein and the arguments previously set forth, Clerk Schaefer respectfully requests this Court grant his motion for summary judgment, dismiss Plaintiff's claims with prejudice, and provide such further relief deemed necessary and just.

Respectfully submitted this 27th day of January, 2014.

                                        GEORGE E. SCHAEFER, III, in his official
                                        capacity as Clerk of Court for Norfolk Circuit Court

                                        By: _____/s/_____

David B. Oakley, Esq.
Virginia Bar Number 72226
Jeffrey F. Brooke, Esq.
Virginia Bar Number 28699
POOLE MAHONEY PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320
Phone: 757-962-6625
Fax: 757-962-6180
*Counsel for Defendant George E. Schaefer, III*
*in his official capacity as Clerk of Court for Norfolk Circuit Court*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

- **Byron Jeffords Babione**
  bbabione@alliancedefendingfreedom.org
- **David Boies**
  dboies@bsfllp.com
- **Theodore J Boutrous , Jr**
  tboutrous@gibsondunn.com
- **Michael Hugh Brady**
  mbrady@oag.state.va.us,ktaylor@oag.state.va.us
- **Kenneth John Connelly**
  kconnelly@alliancedefendingfreedom.org
- **Jonathan Caleb Dalton**
  cdalton@alliancedefendingfreedom.org,adiaz@alliancedefendingfreedom.org,jbollig@alliancedefendingfreedom.org
- **Chantale Fiebig**
  cfiebig@gibsondunn.com
- **Earle Duncan Getchell , Jr**
  dgetchell@oag.state.va.us,mbrady@oag.state.va.us,wrussell@oag.state.va.us,KTaylor@oag.state.va.us
- **Jeremy Michael Goldman**
  jgoldman@bsfllp.com
- **Andrew Mitchell Hendrick**
  ahendrick@srgslaw.com
- **Catherine Crooks Hill**
  cchill@oag.state.va.us,shott@oag.state.va.us,pmessitt@oag.state.va.us
- **William Isaacson**
  wisaacson@bsfllp.com
- **Liberty Counsel, Inc**
  court@lc.org
- **Joshua Seth Lipshutz**
  jlipshutz@gibsondunn.com
- **Jordan Woodard Lorence**
  jlorence@telladf.org,bbabione@alliancedefendingfreedom.org,kconnelly@alliancedefendingfreedom.org,ahayes@alliancedefendingfreedom.org,jcampbell@alliancedefendingfreedom.org
- **Charles Barnet Lustig**
  clustig@srgslaw.com,mjones@srgslaw.com,dreidy@srgslaw.com
- **Mark Randolph Matney**
  matneylaw@gmail.com
- **Michael Casey Mattox**
  cmattox@alliancedefendingfreedom.org,ejohnson@alliancedefendingfreedom.org,mrupp

- aner@alliancedefendingfreedom.org,jhallock@alliancedefendingfreedom.org,adiaz@alliancedefendingfreedom.org
- **Mary Elizabeth McAlister**
  court@lc.org
- **Matthew D McGill**
  mmcgill@gibsondunn.com
- **David Brandt Oakley**
  doakley@poolemahoney.com,cjones@poolemahoney.com
- **Theodore B Olson**
  tolson@gibsondunn.com
- **Erik C. Porcaro**
  eporcaro@srgslaw.com,eclark@srgslaw.com
- **Stuart Alan Raphael**
  sraphael@oag.state.va.us,atysinger@oag.state.va.us,ktaylor@oag.state.va.us
- **Joshua I Schiller**
  jischiller@bsfllp.com
- **Thomas Brady Shuttleworth , II**
  tshuttleworth@srgslaw.com,pmerullo@srgslaw.com,pburford@srgslaw.com,cvaughan@srgslaw.com,clustig@srgslaw.com
- **Robert Brian Silver**
  rsilver@bsfllp.com
- **Amir C Tayrani**
  atayrani@gibsondunn.com
- **Norman Allan Thomas**
  nthomas@oag.state.va.us

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing user at his last known address:

Robert E. Ruloff, Esq., VSB # 13471
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452

By:       /s/
David B. Oakley, Esq.
Virginia Bar Number 72226
Jeffrey F. Brooke, Esq.
Virginia Bar Number 28699
POOLE MAHONEY PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320
Phone: 757-962-6625
Fax: 757-962-6180
Email: doakley@poolemahoney.com