UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY B. BOSTIC, TONY C. LONDON,
CAROL SCHALL, and MARY TOWNLEY,

            Plaintiffs,

v.                                            CASE NO. 2:13-cv-395

JANET M. RAINEY, in her official capacity
as State Registrar of Vital Records, and
GEORGE E. SCHAEFER, III, in his official
capacity as the Clerk of Court for Norfolk
Circuit Court,

            Defendants;

            and

MICHÈLE B. MCQUIGG, in her official capacity
As Prince William Clerk of Circuit Court,

            Intervenor-Defendant.

## ORDER

Intervenor-Defendant Michèle B. McQuigg, ("Intervenor") requests an Order allowing her to adopt the Motion for Summary Judgment formerly filed on behalf of Defendant Janet M. Rainey, State Registrar of Vital Records, by the Office of the Virginia Attorney General, as well as all briefing that supported that motion and opposed the motions filed by Plaintiffs Timothy B. Bostic, Tony C. London, Carol Schall, and Mary Townley. This request is **GRANTED,** and by this Order, Intervenor is permitted to adopt the Motion (ECF No. 38) and briefing (ECF Nos. 44 and 65) as requested.

1

This Court notes, however, that the intervention into this action was permitted after the Court fulfilled its obligation to determine "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The intervention was permitted after Intervenor offered to take no steps to delay the adjudication of the pending motions. Reply Br. Supp. Mot. Intervene at 8-9, ECF No. 88 ("Clerk McQuigg affirms that while both of the motions for summary judgment that she joined remain pending, she will not file additional motions or otherwise take steps to delay the prompt resolution of those motions."). By that offer, this Court was assured that the intervention would not unduly delay or prejudice the adjudication of the original parties' rights.

The Court is dismayed at Intervenor's subsequent arguments regarding her request to adopt the desired motion and briefing. Counsel contended that if the adoption were not allowed, Intervenor should be entitled to file her own dispositive motion. Counsel also objected to the Court's decision to allow Intervenor to file only an expedited five-page response to the recent Memorandum from the Office of the Attorney General, asserting that this somehow violated the "governing rules" that are applicable to the filing of responses to pending motions. Counsel asserted that if the requested adoption of briefing were disallowed, Intervenor should be given until February 6, 2014 to file a thirty-page "response" to the Memorandum from the Office of the Attorney General. Counsel then asserted that the hearing to resolve the original parties' motions should be postponed.

Counsel's proposed "remedies" sought in the event that adoption was denied misinterpret the application of "governing rules" (the Attorney General has not filed a pending motion that necessitates a response). Worse, these proposed "remedies" fly in the face of counsel's prior vow to take no steps to delay the adjudication of the original parties' pending motions, the

significance of which was clearly stated in this Court's Order allowing intervention. Intervenor is advised that permission to adopt the motion and briefing as requested is granted despite these disingenuous arguments.

**IT IS SO ORDERED.**

January 27, 2014
Norfolk, Virginia

/s/
Arenda L. Wright Allen
United States District Judge