Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
David Austin R. Nimocks,** D.C. Bar No. 992409
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org
animocks@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*
** *Pro Hac Vice Application pending*

*Counsel for Intervenor-Defendant*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION**

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, <br>     Plaintiffs, <br>     v. <br> JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, *et al.*, <br>     Defendants, <br>     and <br> MICHÈLE B. MCQUIGG, in her official capacity as Prince William County Clerk of Circuit Court, <br>     Intervenor-Defendant. | Civil Action No. 2:13-cv-395 <br><br> **CLERK MICHÈLE B. MCQUIGG'S SUPPLEMENTAL RESPONSE TO DEFENDANT RAINEY'S MOTION AND MEMORANDUM IN SUPPORT OF CHANGE IN LEGAL POSITION** |

Clerk McQuigg **RESPONDS** to the Court's request for supplemental briefing in light of the Virginia Attorney General's Notice of Change in Legal Position (ECF No. 96) as follows:

**I.       Plaintiffs' Claims Do Not Implicate a Fundamental Right.**

Fundamental rights are those that "are objectively, deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (quotation marks and citation omitted). In assessing a fundamental-rights claim, the Supreme Court has commanded that the right ostensibly at stake must be "'careful[ly] descri[bed].'" *Id*. at 721. The carefully described right asserted here—to redefine marriage to include same-sex unions—is not deeply rooted in, but instead is belied by, this Nation's history and tradition. Although Defendant Rainey cites Supreme Court cases establishing marriage as a fundamental right, the Court understood marriage to be the union of a man and a woman, for that was its universal definition, and every one of those cases involved opposite-sex couples. Indeed, "language in *Windsor* indicates that same-sex marriage [is] a 'new' right" rather than a fundamental one. *See Bishop v. United States*, No. 04-CV-848-TCK-TLW, 2014 WL 116013, at *24 n.33 (N.D. Okla. Jan. 14, 2014). The Court recognized that "marriage between a man and a woman [has] been thought of . . . as essential to the very definition of that term and to its role and function throughout the history of civilization." *United States v. Windsor*, 133 S. Ct. 2675, 2689 (2013). Thus, Defendant Rainey's claim that Plaintiffs' claims implicate a fundamental right must fail.[1]

**II.      Virginia's Marriage Laws Do Not Discriminate on the Basis of Sex or Sexual Orientation.**

Virginia's definition of marriage does not codify impermissible sex or sexual-orientation discrimination. As to the claim of sex discrimination, Virginia's Marriage Laws treat men and women identically. No man or woman is permitted to marry a person of the same sex, so there is

---

[1] For additional arguments establishing that Plaintiffs' claims do not implicate a fundamental right, see ECF No. 44 at 19-21, ECF No. 57 at 11-13, and ECF No. 65 at 3-4.

no "differential treatment for denial of opportunity for which relief is sought." *United States v. Virginia*, 518 U.S. 515, 532-33 (1996). "[T]he vast majority of courts" to consider this issue have ultimately determined that "an opposite-sex definition of marriage does not constitute gender discrimination." *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065, 1098 (D. Haw. 2012). As to the claim of sexual orientation discrimination, Virginia defines marriage in terms of man and woman, and not in terms of sexual orientation. Regardless, controlling Fourth Circuit precedent establishes that this claim is subject to rational-basis review. *See Thomasson v. Perry*, 80 F.3d 915, 928 (4th Cir. 1996) ("The statutory classification here is not suspect"). Defendant Rainey fails in her attempt to limit the clear import of *Thomasson* by restricting it to the military context or by invoking *Lawrence v. Texas*, 539 U.S. 558 (2003). *Thomasson* is not so limited, and *Lawrence* did not employ heightened scrutiny. *See Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 817 (11th Cir. 2004) ("*Lawrence* . . . invalidated the Texas statute on rational-basis grounds"). In sum, because neither a fundamental right nor a suspect class is implicated, heightened scrutiny is not warranted, and rational-basis review is appropriate.[2]

### III. Virginia's Marriage Laws are Rational and Therefore Constitutional.

Virginia's Marriage Laws comport with governing equal-protection jurisprudence. Rational-basis review is satisfied when "the inclusion of one group promotes a legitimate governmental purpose, and the addition of other groups would not." *Johnson v. Robison*, 415 U.S. 361, 383 (1974). The relevant inquiry here is not whether retaining marriage as an opposite-sex union is *necessary* to avoid harm to that institution or, as Defendant Rainey would have it, whether "allowing same-sex marriage will somehow make *heterosexual* couples less likely to marry and have children." ECF No. 96-1 at 13. "Rather, the relevant question is

---

[2] For additional arguments establishing that Virginia's Marriage Laws do not discriminate on the basis of sex or sexual orientation, and do not require heightened scrutiny, see ECF No. 44 at 20-21, ECF No. 57 at 13-14, and ECF No. 65 at 5-6.

whether an opposite-sex definition of marriage furthers legitimate interests that would not be furthered, or furthered to the same degree, by allowing same-sex couples to marry." *Jackson*, 884 F. Supp. 2d at 1107.[3] Defendant Rainey misapprehends the nature of rational-basis review when she adopts the flawed reasoning of the *Kitchen* and *Bishop* courts. *See* Memorandum in Support of Change in Legal Position at 13 (ECF No. 96-1). Requiring Virginia to show that including same-sex couples would harm the state's interests in marriage improperly shifts the burden away from Plaintiffs, who must "negat[e] every conceivable basis which might support" Virginia's Marriage Laws. *Heller v. Doe*, 509 U.S. 312, 320 (1993) (internal quotation marks and citations omitted).[4] Plaintiffs and Defendant Rainey are unable to do that, so Virginia's Marriage Laws must be upheld as constitutional.[5]

## IV. *Windsor* Supports the Constitutionality of Virginia's Marriage Laws.

*Windsor* did not prohibit States from continuing to define marriage as the union of one man and one woman. On the contrary, the Court's opinion is replete with assurances that the States retain their traditional right to define marriage. *See, e.g., Windsor*, 133 S. Ct. at 2691 (noting that the "regulation of domestic relations is an area that has long been regarded as a

---

[3] For additional development of this argument, see Clerk McQuigg's Response to the Court's January 17, 2014 Order at 2-5 (ECF No. 94).

[4] Nor need the State explain the inclusion in marriage of opposite-sex couples who do not or cannot procreate. *See Vance v. Bradley*, 440 U.S. 93, 108 (1979) (stating that a classification may be "both underinclusive and overinclusive"). But in any event, the State can readily explain how including those couples furthers its legitimate interests in marriage. *See* Reply Br. of Pet'rs at 11-14, *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (No. 12-144) (filed Mar. 19, 2013), *available at* http://www.scotusblog.com/case-files/cases/hollingsworth-v-perry/ ("[T]he overriding societal purpose of marriage is *not* to ensure that all marital unions produce children. Rather, it is to channel the presumptive procreative *potential* of opposite-sex relationships into enduring marital unions so that *if* any children are born, they will be more likely to be raised in stable family units by both their mothers and fathers. In other words, because society prefers married opposite-sex couples without children to children without married mothers and fathers, it encourages marriage for all (otherwise eligible) [opposite-sex] relationships, including those relatively few that may not produce offspring.").

[5] For additional arguments in favor of the marriage laws and why they satisfy rational-basis review, see ECF No. 44 at 21-26, ECF No. 57 at 14-17, and ECF No. 65 at 8-11.

virtually exclusive province of the States," and that the "definition of marriage is the foundation of the State's broader authority to regulate the subject of domestic relations") (quotation marks and citation omitted). Defendant Rainey ignores this and seeks instead to analogize Virginia's centuries-old definition of marriage to Congress's federal intrusion into marriage, which the Court found constitutionally problematic because it represented an "unusual deviation from the usual tradition of recognizing and accepting state definitions of marriage." *Id.* at 2693. Virginia's Marriage Laws are not plagued by any such "unusualness," and thus Defendant Rainey's reliance on *Windsor* is unavailing.[6]

## V. Plaintiffs' Claims Are Foreclosed by *Baker*.

*Baker v. Nelson*, 409 U.S. 810 (1972), is dispositive of this case. *Hicks v. Miranda*, 422 U.S. 332, 344-45 (1975) ("[L]ower courts are bound by summary decisions by this Court until such time as the Court informs (them) that (they) are not") (quotation marks omitted). Defendant Rainey's reliance on perceived "doctrinal developments," *id.* at 344, to undermine *Baker* is misplaced. None of the referenced developments authorize this Court to stray from *Baker*'s force as directly applicable binding precedent. Indeed, if Supreme Court precedent "has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quotation marks omitted). Because the Supreme Court has not directed otherwise, *Baker* is controlling and precludes Plaintiffs' claims.[7]

---

[6] For additional arguments establishing that *Windsor* supports Virginia's Marriage Laws, see ECF No. 44 at 27-33, ECF No. 57 at 7, 14, and 18-19, and ECF No. 65 at 1, 3, 5, 10-11.

[7] For additional arguments establishing that *Baker* is dispositive here, see ECF No. 44 at 17-18, ECF No. 57 at 8-11, and ECF No. 65 at 2.

**VI.     The Analogy to Loving is Inapposite.**

*Loving v. Virginia*, 388 U.S. 1 (1967), determined that the State's miscegenation statute constituted invidious discrimination because racial classifications could not be a predicate for restricting marriage.  But while race is irrelevant to the State's interest in marriage, the sex of the two individuals marrying is central.  Defendant Rainey's rhetorical attempt to link this case to *Loving* is thus belied by history, biology, and *Loving* itself, which was premised on the understanding of marriage as a union of one man and one woman.  *Id*. at 12 (recognizing that marriage is "fundamental to our very existence and survival").[8]  Furthermore, the Supreme Court itself rejected the *Loving* analogy in *Baker*: even though the petitioners in *Baker* cited *Loving* nine times in their jurisdictional statement, *see* Br. of Pet'r, *Baker v. Nelson*, 409 U.S. 810 (1972) (No. 71-1027), the Supreme Court still summarily dismissed their case.[9]

## CONCLUSION

For the foregoing reasons, and those contained in prior briefing adopted and filed by Clerk McQuigg, this Court should **GRANT** summary judgment for Defendants and **DISMISS** Plaintiffs' First Amended Complaint in its entirety.  If, however, this Court disagrees with Clerk McQuigg's legal position, grants Plaintiffs' Motion for Summary Judgment, and enters an injunction prohibiting the enforcement of Virginia's Marriage Laws, Clerk McQuigg respectfully requests that this Court follow the recent guidance from the United States Supreme Court and stay that injunction pending the final disposition of any appeal from that decision.  *See* Order, *Herbert v. Kitchen*, No. 13A687 (U.S. Jan. 6, 2014).

---

[8] *See also* Br. for Amici Curiae Coalition of African American Pastors USA et al. at 3-37, *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (No. 12-144) (filed Jan. 21, 2013), *available at* http://www.scotusblog.com/case-files/cases/hollingsworth-v-perry/  ("Historically, anti-miscegenation laws . . . were *never* universal, were *never* understood as *definitional* . . . , and were in fact a *minority* position in the United States even at the time of *Loving*.").

[9] For additional arguments establishing that *Loving* is unavailing to Plaintiffs and Defendant Rainey, see ECF No. 57 at 8, 11, and 17, and ECF No. 65 at 4.

Respectfully submitted this the 27th day of January, 2014.

By:      /s/
    M. Casey Mattox, VA Bar No. 47148
    ALLIANCE DEFENDING FREEDOM
    801 G Street N.W., Suite 509
    Washington, D.C. 20001
    Tel: (202) 393-8690
    Fax: (480) 444-0028
    cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*

Jordan W. Lorence, VA Bar No. 33655
M. Casey Mattox, VA Bar No. 47148
David Austin R. Nimocks,** D.C. Bar No. 992409
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
jlorence@alliancedefendingfreedom.org
cmattox@alliancedefendingfreedom.org
animocks@alliancedefendingfreedom.org

Byron J. Babione,* AZ Bar No. 024320
Kenneth J. Connelly,* AZ Bar No. 025420
J. Caleb C. Dalton, VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
15100 N 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbabione@alliancedefendingfreedom.org
kconnelly@alliancedefendingfreedom.org
cdalton@alliancedefendingfreedom.org
* *Admitted Pro Hac Vice*
** *Pro Hac Vice Application pending*

*Counsel for Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following participants:

David B. Oakley
doakley@poolemahoney.com
Jeffrey F. Brooke, Esq.
Poole Mahoney PC
860 Greenbrier Circle, Suite 401
Chesapeake, VA 23320

*Attorneys for Defendant George E. Schaefer, III*

Thomas B. Shuttleworth
tshuttleworth@srgslaw.com
Robert E. Ruloff
rruloff@srgslaw.com
Charles B. Lustig
clustig@srgslaw.com
Andrew Mitchell Hendrick
ahendrick@srgslaw.com
Erik C. Porcaro
eporcaro@srgslaw.com
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, VA 23452

Joshua Seth Lipshutz
jlipshutz@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921

Michael H. Brady
mbrady@oag.state.va.us
Catherine Crooks Hill
cchill@oag.state.va.us
Stuart Raphael
sraphael@oag.state.va.us
Office of the Attorney General
900 E Main St
Richmond, VA 23219

*Attorneys for Defendant Janet M. Rainey*

Chantale Fiebig
cfiebig@gibsondunn.com
Amir C Tayrani
atayrani@gibsondunn.com
Theodore B Olson
tolson@gibsondunn.com
Matthew D McGill
mmcgill@gibsondunn.com
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave, NW
Washington, DC 20036-5306

David Boies
dboies@bsfllp.com
Boies, Schiller & Flexner, LLP
333 Main St.
Armonk, NY 10504

Jeremy Michael Goldman
jgoldman@bsfllp.com
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

7

Robert Brian Silver
rsilver@bsfllp.com
Joshua I. Schiller
jischiller@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022

Theodore J Boutrous, Jr
tboutrous@gibsondunn.com
Gibson, Dunn & Crutcher LLP (CANA)
333 South Grand Ave.
Los Angeles, CA 90071-3197

William Isaacson
wisaacson@bsfllp.com
Boies, Schiller & Flexner
5301 Wisconsin Ave, NW
Washington, DC 20015

*Attorneys for Plaintiffs*

                                          /s/
M. Casey Mattox, VA Bar No. 47148
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (480) 444-0028
cmattox@alliancedefendingfreedom.org

*Counsel for Intervenor-Defendant*

8