IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| TIMOTHY B. BOSTIC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13-cv-00395 |
| | ) | |
| JANET M. RAINEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Three recent legal developments are relevant to this Court's consideration of the pending cross-motions for summary judgment.

First, the court in *McGee v. Cole*, No. 3:13-24068, 2014 U.S. Dist. LEXIS 10864 (S.D. W. Va. Jan. 29, 2014), denied a motion to dismiss a constitutional challenge to the validity of West Virginia's same-sex-marriage ban. Agreeing with the recent rulings of the federal district judges in Utah and Oklahoma, the court said: "Doctrinal developments since *Baker* . . . justify a finding that *Baker* is nonbinding. As noted by the Second Circuit in *Windsor v. United States*, "[e]ven if Baker might have had resonance . . . in 1971, it does not today." *Id.* at *29 (quoting *Windsor v. United States*, 699 F.3d 169, 178 (2d Cir. 2012), *aff'd,* 133 S. Ct. 2675 (2013)).

Second, the Governor and Attorney General of Nevada, on February 10, 2014, requested leave from the United States Court of Appeals for the Ninth Circuit to withdraw their appellate brief, stating that they could no longer defend the constitutionality of the State's same-sex-marriage ban in light of the Supreme Court's holding in *Windsor* and the Ninth Circuit's recent holding in *SmithKline Beecham v. Abbott Laboratories*, No. 11-17357, 2014 WL 211807 (9th Cir. Jan. 21, 2014). *See* Defendant-Appellee Governor of Nevada, Motion for Leave to

Withdraw Brief at 4, *Sevcik v. Sandoval*, No. 12-17668 (9th Cir. Feb. 10, 2014) ("[I]n all candor it appears that *Windsor*, viewed through the *SmithKline* lens, is dispositive."). A copy of Nevada's motion is included as Attachment 1.

And today, the United States District Court for the Western District of Kentucky struck down Kentucky's laws that had prohibited the State from recognizing same-sex marriages validly performed outside of Kentucky. *Bourke v. Beshear,* No. 3:13-CV-750-H (W.D. Ky. Feb. 12, 2014). A copy of the opinion is included as Attachment 2. The court noted that, because Kentucky's prohibition could not survive rational basis review, "the result in this case is unaffected by the level of scrutiny applied." *Id.* at 10. The opinion also echoes Defendant Rainey's argument (Doc. 96-1 at 22) that the constitutional right at issue in this case is not a new one:

> Usually, as here, the tradition behind the challenged law began at a time when most people did not fully appreciate, much less articulate, the individual rights in question. For years, many states had a tradition of segregation and even articulated reasons why it created a better, more stable society. Similarly, many states deprived women of their equal rights under the law, believing this to properly preserve our traditions. In time, even the most strident supporters of these views understood that they could not enforce their particular moral views to the detriment of another's constitutional rights. Here as well, sometime in the not too distant future, the same understanding will come to pass.
>
> \* \* \*
>
> [A]re courts creating new rights? Are judges changing the meaning of the Fourteenth Amendment or our Constitution? Why is all this happening so suddenly?
>
> The answer is that the right to equal protection of the laws is not new. History has already shown us that, while the Constitution itself does not change, our understanding of the meaning of its protections and structure evolves. If this were not so, many practices that we now abhor would still exist. *Bourke,* Mem. Op. at 14-15, 21.

The court further noted that the result there was compelled by the *Romer*, *Lawrence,* and *Windsor* decisions:

> In *Romer*, *Lawrence*, and finally, *Windsor*, the Supreme Court has moved interstitially, as Holmes said it should, establishing the framework of cases from which district judges now draw wisdom and inspiration. Each of these small steps has led to this place and this time, where the right of same-sex spouses to the state-conferred benefits of marriage is virtually compelled. *Bourke*, Mem. Op. at 22-23.

Respectfully submitted,

JANET M. RAINEY, State Registrar of Vital Records, in her official capacity

By: \_\_\_/s/_____
Stuart A. Raphael, VSB #30380
Solicitor General of Virginia
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
sraphael@oag.state.va.us
*Counsel for Defendant Rainey*

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

H. Lane Kneedler, VSB #007722
Senior Counsel

Rhodes B. Ritenour, VSB #71406
Deputy Attorney General
E-mail: rritenour@oag.state.va.us

Trevor S. Cox, VSB #78396
Deputy Solicitor General
E-mail: tcox@oag.state.va.us

Allyson K. Tysinger, VSB #41982
Senior Assistant Attorney General
E-mail: atysinger@oag.state.va.us

Catherine Crooks Hill, VSB #43505
Senior Assistant Attorney General
E-mail: cchill@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to counsel of record.

/s/
Stuart A. Raphael

4