# EXHIBIT 1



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 2:13-cv-00395-AWA-LRL |
| JANET M. RAINEY, in her official capacity as State Registrar of Vital Records, | ) |
| GEORGE E. SCHAEFER, III, in his official capacity as Clerk of the Circuit Court of the City of Norfolk, | ) |
| Defendants, | ) |
| MICHÈLE B. MCQUIGG, in her official capacity as the Clerk of the Circuit Court of Prince William County, | ) |
| Intervenor-Defendant. | ) |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by Plaintiffs in the above-captioned matter—Timothy B. Bostic, Tony C. London, Carol Schall, and Mary Townley—and Defendant Janet M. Rainey, in her official capacity as State Registrar of Vital Records, in full and final resolution of any claims Plaintiffs may have against any party for attorney's fees or costs in this action.

## BACKGROUND

1. In July 2013, Plaintiffs Bostic and London filed a complaint in the United States District Court for the Eastern District of Virginia, Norfolk Division (the "Court") challenging the validity of Virginia's laws denying marriage rights to same-sex couples, including Article I, § 15-A, of the Constitution of Virginia, and Virginia Code §§ 20-45.2 and 20-45.3. The suit named as defendants Governor Robert M. McDonnell, Attorney General Kenneth T. Cuccinelli, II, and George E. Schaefer, III, the Clerk of the Circuit Court of the City of Norfolk. By

agreement of the parties, Plaintiffs filed an amended complaint adding Plaintiffs Schall and Townley. Plaintiffs dismissed the Governor and Attorney General and added as a defendant Janet M. Rainey, the State Registrar of Vital Records. The parties agreed that the State Registrar was the proper State defendant. Rainey and Schaefer answered the amended complaint, defending Virginia's same-sex-marriage ban, and all parties moved for summary judgment.

2. On December 20, 2013, Michèle B. McQuigg, in her official capacity as the Clerk of the Prince William County Circuit Court, moved to intervene to defend Virginia's ban. Judge Arenda L. Wright Allen permitted her intervention as a party to the proceedings. On January 23, 2014, newly-inaugurated Attorney General Mark Herring filed, on behalf of Rainey, a notice of change in the Commonwealth's legal position, which set forth the legal analysis that led him to conclude that Virginia's same-sex-marriage ban violated the Fourteenth Amendment.

3. Following oral argument on the cross-motions for summary judgment, the Court issued a ruling on February 13, 2014 (amended February 14) and entered a judgment on February 24 (the "Judgment") declaring that Virginia's marriage laws are facially unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to the extent such laws deny the rights of marriage to same-sex couples or prohibit recognition of lawful marriages between same-sex couples that are validly entered into in other jurisdictions. The Judgment enjoined Rainey, and Clerk Schaefer and Clerk McQuigg (also in their official capacities), and their respective officers, agents and employees, from enforcing Virginia's marriage laws if and to the extent they deny to same-sex couples the rights and privileges of marriage that are afforded to opposite-sex couples. The Court stayed the effect of the Judgment pending appeal and severed Plaintiffs' claims for attorney's fees and costs for consideration after the final disposition of the appeal. Notices of

appeal to the United States Court of Appeals for the Fourth Circuit were filed by Rainey, Schaefer, and McQuigg.

4.   On March 10, 2014, the United States Court of Appeals for the Fourth Circuit granted a motion to intervene on the side of the Plaintiffs-Appellees filed by the class of plaintiffs certified in *Harris v. Rainey*, No. 5:13cv077 (W.D. Va.), a case involving identical legal challenges to Virginia's same-sex-marriage prohibition. Plaintiffs, as well as the other parties, opposed the proposed intervention by the *Harris* Class.

5.   On July 28, 2014, following full briefing and oral argument, the Fourth Circuit affirmed the judgment of this Court. *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014). On August 20, 2014, the Supreme Court stayed the Fourth Circuit's mandate pending the timely filing and disposition of a petition for a writ of certiorari. *McQuigg v. Bostic*, 189 L. Ed. 2d 884 (2014).

6.   Between August 8 and August 29, 2014, three petitions for writs of certiorari were filed with the Supreme Court by Rainey, Clerk Schaefer and Clerk McQuigg, to which the parties responded or filed papers indicating they waived responses. All parties urged the Court to hear the case. On October 6, 2014, the Supreme Court denied all three petitions for certiorari. *Rainey v. Bostic*, 190 L. Ed. 2d 140 (2014); *Schaefer v. Bostic*, 190 L. Ed. 2d 140 (2014); *McQuigg v. Bostic*, 190 L. Ed. 2d 140 (2014). The Fourth Circuit's mandate issued at 1:00 p.m. on October 6, 2014, at which time the Fourth Circuit's judgment took effect.

7.   On October 21, 2014, this Court entered a consent order providing that any prevailing party wishing to file an application for attorney's fees and costs under 42 U.S.C. § 1988 must file such application by November 21. The Court subsequently extended this deadline to December 12. On December 11, Plaintiffs filed a joint motion to suspend their

deadline for petitioning the Court for attorney's fees for an additional 45 days in order to allow the parties to finalize a settlement.[1]

8. Plaintiffs and Rainey have conferred in a good-faith effort to settle any claims for attorney's fees or costs to which Plaintiffs may be entitled under 42 U.S.C. § 1988 as prevailing parties. For settlement purposes, Plaintiffs provided counsel for Rainey with detailed time records kept by their attorneys at Gibson, Dunn, & Crutcher LLP ("Gibson Dunn") and Shuttleworth, Ruloff, Swain, Haddad & Morecock ("Shuttleworth"). Those records documented the firms' cumulative expenditure of 2,372 hours, resulting in $1,738,645 in attorney's fees and $5,422 in costs, arising from their legal work in this matter. Counsel for Plaintiffs represented that that figure already reflected the firms' voluntary reduction of fees for time written off and did not include other significant costs incurred in the course of the litigation. The figure also reflected, however, the firms' fees calculated at billing rates substantially higher than prevailing rates in the Norfolk legal market.

9. To determine Plaintiffs' reasonable attorney's fees, counsel for Plaintiffs and Rainey agreed to the following methodology to facilitate their settlement negotiations:

- limit the hours claimed to those expended by members of the core Gibson Dunn and Shuttleworth legal teams, as identified by Gibson Dunn;
- reduce the hourly rates of those core team members to rates within the range of rates approved by the U.S. District Court for the Eastern District of Virginia, Norfolk Division, for partners, associates, and paralegals, respectively;
- eliminate certain categories of billed time, including time incurred for travel or for work in support of legal positions that did not prevail (*e.g.*, Plaintiffs' opposition to intervention by the *Harris* Class);

---

[1] The *Harris* Class has reached an independent resolution with Defendants for any claims the *Harris* Class may have for attorney's fees and costs. The settlement agreement between Defendants and the *Harris* Class is unrelated to the Settlement Agreement between Plaintiffs and Rainey, and any fees and costs paid by the Commonwealth of Virginia to the *Harris* Class will in no way affect the settlement amount to be paid to the Plaintiffs under the terms of this Settlement Agreement.

4

- apply a reduction of 20% to hours that were block-billed (meaning the time spent on different tasks combined in a single time entry could not be determined); and
- eliminate entries by Shuttleworth timekeepers that were duplicative of work performed by Gibson Dunn timekeepers.

10. This methodology resulted in blended hourly rates across the two firms of $506 for partners, $274 for associates, and $145 for paralegals. After applying the adjusted rates, and reducing the number of hours for the reasons described above, the firms' demand was reduced to $523,500. Counsel for Plaintiffs accepted Rainey's settlement offer in the amount of $520,000, with $459,000 allocated to Gibson Dunn and $61,000 to Shuttleworth.

11. The parties to this Settlement Agreement continue to dispute the billing rates and charges to which Plaintiffs are entitled. But the parties acknowledge the uncertainty and risks to each party associated with litigating a fee petition submitted by Plaintiffs, and the range of possible outcomes with regard to the quantum of fees sought. Acknowledging further the legal costs and expense associated with litigating these issues, Rainey and Plaintiffs have agreed to resolve their differences through this Settlement Agreement, each term of which is material to the parties' willingness to enter into it.

## AGREEMENT

1. The Commonwealth of Virginia shall make payment in the amount of $520,000—$459,000 to Gibson Dunn and $61,000 to Shuttleworth—in full satisfaction of all of Plaintiffs' claims for attorney's fees and costs. That payment shall be made by check payable to Gibson Dunn & Crutcher LLP and sent to Matthew D. McGill within 45 (forty-five) days after approval of this Settlement Agreement by the Governor of Virginia, as provided in paragraph 3.

2. In consideration for this payment, and upon notification that the Governor has approved the settlement as provided in paragraph 3, Plaintiffs release Defendants from any and all claims for attorney's fees and costs that Plaintiffs may have that arise out of this action.

5

Plaintiffs will seek no further relief against any party in this case unless necessary to do so to enforce the Court's Judgment.

3. The parties to this Settlement Agreement acknowledge that it is subject to approval by the Governor of Virginia and that it is not effective unless and until the Governor approves it. Counsel for Rainey will promptly advise Gibson Dunn once the Governor approves this settlement. Promptly following such notification, the parties will jointly advise the Court that the fee dispute has been resolved. In the event that the Governor does not approve the Settlement Agreement, Plaintiffs expressly reserve all rights as the prevailing parties in this litigation to file an application in the Court for attorney's fees and costs.

In witness to this Settlement Agreement, the parties to it have signed it on the dates indicated below:

| TIMOTHY B. BOSTIC, TONY C. LONDON, CAROL SCHALL, and MARY TOWNLEY | JANET M. RAINEY, in her official capacity as State Registrar of Vital Records |
|---|---|
| DATE: 1/9/15 <br> BY: *(signed)* Matt McGill | DATE: 1/7/15 <br> BY: *(signed)* Rhodes B. Ritenour |
| Theodore B. Olson <br> Matthew D. McGill <br> Amir C. Tayrani <br> Chantale Fiebig <br> GIBSON, DUNN & CRUTCHER LLP <br> 1050 Connecticut Avenue, N.W. <br> Washington, D.C. 20036 | Mark R. Herring <br> Attorney General of Virginia <br><br> Stuart A. Raphael (VSB #30380) <br> Solicitor General of Virginia <br><br> Trevor S. Cox (VSB #78396) <br> Deputy Solicitor General |
| Thomas B. Shuttleworth (VSB # 13330) <br> Robert E. Ruloff (VSB # 13471) <br> Charles B. Lustig (VSB # 29442) <br> Andrew M. Hendrick (VSB # 42852) <br> Erik C. Porcaro (VSB # 84793) <br> SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C. <br> 4525 South Blvd., Suite 300 <br> Virginia Beach, VA 23452 | Rhodes B. Ritenour (VSB #71406) <br> Deputy Attorney General <br> Civil Litigation Division <br><br> OFFICE OF THE ATTORNEY GENERAL <br> 900 E. Main Street <br> Richmond, VA 23219 |

6