IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TIMOTHY B. BOSTIC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| JOANNE HARRIS and JESSICA DUFF, and ) | |
| CHRISTY BERGHOFF and VICTORIA KIDD, on ) | |
| behalf of themselves and all others similarly ) | |
| situated, ) | |
| ) | |
| Intervenor-Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00395-AWA-LRL |
| ) | |
| JANET M. RAINEY, in her official capacity as ) | |
| State Registrar of Vital Records, ) | |
| ) | |
| GEORGE E. SCHAEFER, III, in his official ) | |
| capacity as Clerk of the Circuit Court of the City of ) | |
| Norfolk, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| MICHÈLE B. MCQUIGG, in her official capacity ) | |
| as the Clerk of the Circuit Court of Prince William ) | |
| County, ) | |
| ) | |
| Intervenor-Defendant. ) | |

FILED FEB 1 3 2015 CLERK, U.S. DISTRICT COURT NORFOLK, VA

## CONSENT ORDER

THIS ACTION came before the Court on the motion of Intervenor-Plaintiffs—Joanne Harris and Jessica Duff, and Christy Berghoff and Victoria Kidd, on behalf of themselves and all others similarly situated (the "*Harris* Class")—and Defendant Janet M. Rainey, in her official capacity as State Registrar of Vital Records, for the entry of this Consent Order resolving all claims by Intervenor-Plaintiffs that remain in this action and in related litigation; and

IT APPEARING TO THE COURT THAT:

1. On February 24, 2014, this Court entered a judgment declaring that Virginia's marriage laws are facially unconstitutional under the Due Process and Equal Protection Clauses

of the Fourteenth Amendment to the United States Constitution to the extent such laws deny the rights of marriage to same-sex couples or recognition of lawful marriages between same-sex couples that are validly entered into in other jurisdictions. The Court enjoined Rainey, and Clerk Schaefer and Clerk McQuigg (also in their official capacities), and their respective officers, agents and employees, from enforcing Article I, § 15-A of the Virginia Constitution, Virginia Code §§ 20-45.2 and 20-45.3, and any other Virginia law if and to the extent that it denies to same-sex couples the rights and privileges of marriage that are afforded to opposite sex couples. The Court stayed the effect of the judgment pending appeal and severed Plaintiffs' claims for attorneys' fees and costs for consideration after the final disposition of the appeal. (*See* ECF No. 72.) Notices of appeal were filed by Rainey, Schaefer, and McQuigg.

2. At the time of that judgment, the *Harris* Class was not a party to this litigation. The *Harris* Class was certified as a plaintiff class on January 31, 2014 by the United States District Court for the Western District of Virginia. *Harris v. Rainey*, No. 5:13cv077, 2014 U.S. Dist. LEXIS 12801 (W.D. Va. Jan. 31, 2014). *Harris* involves identical legal challenges to Virginia's same-sex-marriage prohibition. The district court there certified the *Harris* Class as a representative class on behalf of (1) all same-sex couples in Virginia who have not married in another jurisdiction, and (2) all same-sex couples in Virginia who have married in another jurisdiction, excluding "any person who is a plaintiff in the pending case of *Bostic* . . . ." *Id.* at *4.

3. On March 10, 2014, the United States Court of Appeals for the Fourth Circuit granted the *Harris* Class's motion to intervene in this case on the side of the plaintiffs-appellees, over the objection of all of the other parties. On March 31, 2014, the District Court in *Harris* stayed further proceedings there in light of the *Harris* Class's intervention in this case. *Harris v.*

*Rainey*, No. 5:13cv00077, 2014 U.S. Dist. LEXIS 45559 (W.D. Va. Mar. 31, 2014). The *Harris* Class participated actively in proceedings in the Fourth Circuit, including filing a brief in support of affirmance and participating actively in oral argument.

4. On July 28, 2014, the Fourth Circuit affirmed the judgment of this Court. *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014). On August 20, 2014, the Supreme Court stayed the Fourth Circuit's mandate pending the timely filing and disposition of a petition for writ of certiorari. *McQuigg v. Bostic*, 189 L. Ed. 2d 884 (2014). The *Harris* Class continued to participate actively in appellate proceedings, including filing briefs in opposition to the request for a stay of the mandate (both in the Fourth Circuit and the Supreme Court), a brief in the Supreme Court in response to Rainey's petition for certiorari, and letter responses to the petitions for certiorari filed by Schaefer and McQuigg.

5. On October 6, 2014, the Supreme Court denied all three petitions for certiorari. *Rainey v. Bostic*, 190 L. Ed. 2d 140 (2014); *Schaefer v. Bostic*, 190 L. Ed. 2d 140 (2014); *McQuigg v. Bostic*, 190 L. Ed. 2d 14 (2014). The Fourth Circuit's mandate issued at 1:00 p.m. on October 6, 2014, at which time this Court's judgment took effect.

6. On October 21, 2014, this Court entered a consent order providing that any prevailing party wishing to file an application for attorneys' fees and costs under 42 U.S.C. § 1988 must file such application by November 21, 2014.

7. On October 16, 2014, the *Harris* Class filed a motion in *Harris* seeking the entry of a judgment similar to the judgment entered in this case. The *Harris* Class maintains that it is a prevailing party under § 1988 by virtue of its success on appeal in this case, both at the Fourth Circuit and at the Supreme Court, and that it is entitled to recover its attorneys' fees and costs for its work both in *Harris* and in this case. On October 29, 2014, Defendant Rainey filed a motion

in *Harris* to dismiss that case as moot, opposed the entry of any judgment in *Harris*, and argued that the *Harris* Class is not a prevailing party.

8.  Counsel for the *Harris* Class and Rainey have since conferred in a good faith effort to resolve all remaining claims by the *Harris* Class in this case and in *Harris*. The *Harris* Class provided counsel for Rainey with detailed time records by its attorneys at Jenner & Block documenting in excess of $150,000 in attorneys' fees for work specifically to defend the appeal in the Fourth Circuit and to response to the petitions for certiorari in the Supreme Court. The *Harris* Class represents that its attorneys' fees and costs in *Harris* and in this case—which which includes work performed by attorneys at Jenner & Block, the ACLU, the ACLU of Virginia, and Lambda Legal—total approximately $1,000,000.

9.  Rainey denies that the *Harris* Class is entitled to recover fees either in *Harris* or in this case, contests the billing rates and charges, and disputes a number of the entries. But the parties to this Consent Order acknowledge the uncertainty and risks to each party associated with (i) litigating whether the *Harris* Class is a "prevailing party" within the meaning of § 1988, and (ii) the range of possible outcomes with regard to the quantum of fees sought. Acknowledging further the legal costs and expense associated with litigating these issues, Rainey and the *Harris* Class have agreed to resolve their differences through this Consent Order, each term of which is material to the parties' willingness to enter into it.

IT IS, THEREFORE, AGREED AND ORDERED that:

1.  The *Harris* Class is hereby entitled to the benefit of the declaratory and injunctive relief entered on February 24, 2014 against Defendant Rainey (and her respective agents and employees) in her official capacity as State Registrar of Vital Records.

2. Attorneys' fees and costs in the amount of $60,000 are hereby awarded to the *Harris* Class in full satisfaction of all of their claims for attorneys' fees and costs, whether made in this case or in *Harris*. That amount shall be paid by the Commonwealth of Virginia within 75 days of the entry of this order. This award constitutes a discharge of any and all claims for attorneys' fees and costs made by the *Harris* Class against any party in *Harris* or in this case.

3. The *Harris* Class will seek no further relief against any party in this case or in *Harris*, except in connection with enforcing its rights under this Consent Order. The *Harris* Class will cooperate with Defendant Rainey in seeking an agreed dismissal of the lawsuit in *Harris* in light of this Consent Order.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

| | |
|---|---|
| JOANNE HARRIS and JESSICA DUFF, and CHRISTY BERGHOFF and VICTORIA KIDD, on behalf of themselves and all others similarly situated | JANET M. RAINEY, in her official capacity as State Registrar of Vital Records |
| By: _____ | By: _____ 11/13/14 |
| Rebecca K. Glenberg<br>American Civil Liberties Union Foundation of Virginia<br>701 East Franklin Street, Suite 1412<br>Richmond, VA 23219<br>(804) 644-8080<br>rglenberg@acluva.org | Mark R. Herring<br>Attorney General of Virginia<br><br>Stuart A. Raphael (VSB #30380)<br>Solicitor General of Virginia<br>sraphael@oag.state.va.us<br><br>Trevor S. Cox (VSB #78396)<br>Deputy Solicitor General<br>tcox@oag.state.va.us |
| Joshua A. Block<br>James D. Esseks<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004-2400<br>(212) 549-2593<br>jblock@aclu.org<br>jesseks@aclu.org | Rhodes B. Ritenour (VSB #71406)<br>Deputy Attorney General<br>Civil Litigation Division<br>E-mail: rritenour@oag.state.va.us |

5

Tara Lynn Borelli
Gregory R. Nevins
Lambda Legal Defense & Education Fund, Inc.
730 Peachtree Street, Suite 1070
Atlanta, GA 30308
(404) 897-1880
tborelli@lambdalegal.,org
gnevins@lambdalegal.org

Mark P. Gaber
Luke C. Platzer
Paul M. Smith
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20015
(202) 637-6367
mgaber@jenner.com
lplatzer@jenner.com
psmith@jenner.com

Catherine Crooks Hill (VSB #43505)
Senior Assistant Attorney General
Unit Manager, Trial/General Civil Unit
E-mail: cchill@oag.state.va.us

Allyson K. Tysinger (VSB #41982)
Senior Assistant Attorney General
Chief, Health, Education & Social Services
E-mail: atysinger@oag.state.va.us